# THE DISTRICT OF COLUMBIA
## *v.*
# BOSWELL.

PRACTICE; DIRECTING VERDICT; STREETS AND SIDEWALKS; INFANTS; MUNICIPALITY; NEGLIGENCE; CONSTRUCTIVE NOTICE.

1. An appellate court will not reverse a judgment for alleged error on the part of the trial court in refusing to direct a verdict for the defendant, unless thoroughly satisfied that no recovery could properly be had by the plaintiff upon any view that could be taken of the facts the evidence tends to establish; *following* Gas Co. *v.* Poore, 3 App. D. C. 127.

2. Where a child was injured by stumbling and falling over a gas-box which on three sides projected half an inch above the sidewalk, and the testimony showed that during the previous year several persons were seen to stumble over the same obstruction, it was *held* affirming a judgment on verdict against the municipality that the case was a proper one to submit to the jury.

3. While a municipality is not held to insure the safety of those who use the streets and sidewalks, it is its general duty so to construct and keep them in repair as to render them reasonably safe to those using them in a proper manner; *following* Gas Co. *v.* Poore, 3 App. 127; D. C. *v.* Bolling, 4 id. 397 ; D. C. *v.* Haller, 4 id. 405.

4. Notice to a municipality of a defect in a sidewalk may be actual or constructive. If constructive the defect must be shown to have been dangerous; to have been such as would have been discovered if an ordinarily careful inspection had been made, and to have existed so long that it ought properly to have been discovered by inspection.

5. To charge the municipality with constructive notice of such a defect it is not necessary that it should be so open and palpable as to be apparent to and necessarily attract the attention of passers-by.

6. Children have the right to play upon the sidewalks and there is no· negligence in their so doing; and this is one of the uses of a sidewalk which a municipality is bound to anticipate.
7. Less discretion is required of a child of tender years than of an adult, and the degree of care required of a child is according to its maturity and capacity ; *following* Railroad Co. *v.* Webster, *ante*, p. 182.

No. 440.  Submitted April 23, 1895.  Decided June 3, 1895.

HEARING on an appeal by the District of Columbia from a judgment on verdict in an action to recover damages for personal injuries.  *Affirmed.*

The COURT in its opinion stated the case as follows :

This is an appeal from a judgment for damages recovered on behalf Alice M. Boswell, a minor, for injuries received by her through a defect in the sidewalk on C street in the city of Washington.  The accident occurred on May 5, 1888, which was the fifth anniversary of the child's birth. She was playing with a little boy about her own age, named Fitzpatrick, on the brick sidewalk in front of his home, and nearly opposite her own.  Whilst running about in play she stumbled and fell over a gas box which projected slightly above the surface of the sidewalk.  In the fall she sustained a transverse fracture of the thigh bone which has resulted in the permanent shortening of the leg at least one-half an inch.  The testimony tended to show that the rim of the gas box on three sides extended some half an inch above the surface of the sidewalk.  On three sides of this rim the adjoining bricks extended above the same.  On one of these sides a half-brick protruded about three-quarters of an inch above the rim.  The box is from eleven to fourteen inches from the iron railing separating the sidewalk from the parking.  A plaster cast of the gas box and the surrounding bricks, the substantial accuracy of which was well attested, was shown to the jury on the trial, but has not been exhibited here.

A witness who lived near by and saw the child fall, said that she (witness), had stumbled over the same gas box

more than once before that time.   James M. Fitzpatrick, the father of the little boy who was at play with plaintiff, had lived near the place for a number of years.   He described the gas box and the condition of the surrounding bricks as stated above, and said that he had noticed its condition a year before the accident, and had seen people stumble over it, and had once complained of it to his landlord.

The court refused the defendant's prayer to direct a verdict for it, and submitted the questions of negligence and contributory negligence to the jury, who found for the plaintiff.   Motion for new trial was overruled, and judg-entered upon the verdict.

[The prayers requested on behalf of the defendant which were modified by the court and given as modified and those refused were as follows :

"1. The jury are instructed that upon the evidence in this case the defendant is not liable, and their verdict should be for the defendant."   Refused.

"2. If the jury believe from the evidence that the plaintiff by her own negligence directly contributed in any degree to the injury complained of, they should find for the defendant."   Modified by omitting words "in any degree," and then granted.

"8. The jury are instructed that the negligence of the defendant must appear from the evidence in this case by affirmative proof, and that if they find that such evidence is equally consistent with either the existence or non-existence of negligence on the part of the defendant their verdict must be for the defendant."   Modified by striking out all after the the word "proof" and then granted. .

" 9. The jury are instructed that such a defect and obstruction as is shown by the evidence in this case to have existed in the sidewalk at the time of the plaintiff's alleged fall is not in itself a dangerous defect or obstruction, and unless the jury believe from the evidence that the defendant had knowledge or notice that this particular defect or

obstruction had become dangerous, their verdict should be for the defendant.    Refused.

The defendant excepted to the modification of its second and eighth prayers, and to the refusal of its first and ninth prayers, and also to the action of the court in granting each of the prayers requested by the plaintiff.    The other prayers requested by the defendant, and which the court granted and those given on behalf of the plaintiff, are included in the charge of the court, which was as follows :

" The law does not require a city to respond in damages for every injury that may be received on a public street. The city is not required to have its sidewalks so constructed as to secure absolute immunity from danger to those who use them.    Its duty is only to use due and proper care to see that its sidewalks are reasonably safe for persons exercising ordinary care and prudence.    As has been said by counsel, this city is not an insurer against accidents upon the sidewalks.    The defect in the sidewalk must be the direct and proximate cause of the injury complained of, in a lawsuit such as this.    Whether the sidewalk is in a reasonably safe condition for travel in the ordinary modes is a practical question, to be determined by practical men in such case according to its particular circumstances.    In this case you are to weigh the testimony and determine whether or not the plaintiff, Alice Boswell, then a child five years old, while walking or playing on C street south between First and Second, east, stumbled over a defect in the sidewalk caused by a projection or depression of the bricks, or both, around about the gas box described by the witnesses, and whether she fell and suffered thereby a transverse fracture of the thigh bone.    If you find that the plaintiff suffered such injury, in such manner and from such cause, you are then to determine, under the instructions I shall presently read to you, whether the defect in the sidewalk was dangerous and unsafe for children like the plaintiff, exercising ordinary care, such as a child of her years should use or would use in passing or playing there ; and if you

find this defect in the sidewalk dangerous and unsafe, before the defendant can be found responsible for the injury which resulted to the plaintiff you must find further that the defendant, the District government, had notice or knowledge of this condition—not reasonably safe—so that it had time to put it in repair and obviate the danger to the plaintiff and others. This notice which was much discussed by counsel in argument before you, may be actual or constructive. There is no evidence of actual notice in this case to the District authorities. You are therefore to consider whether the defendant had constructive notice or knowledge of such defect. If you find that there was such a defect—that is to say, whether the District authorities, within the scope of their opportunities and money, being under an obligation by law to exercise a general supervision of the sidewalks and to keep themselves informed about their condition—if a sidewalk remains in a dangerous or unsafe condition so long that the authorities by ordinary care and diligence could not help knowing that fact and did not know it because they failed to exercise proper watchfulness, then the law imputes notice to them, and that is constructive notice. If, therefore, you find that this sidewalk was at the time of this injury in an unsafe condition, you must further determine from the evidence whether prior to that time this sidewalk had continuously remained in such an unsafe condition so long that the District authorities ought to have known it if they exercised ordinary care. If you find such notice or knowledge you must further determine (before the plaintiff can recover for such negligence and want of ordinary care on the part of the District authorities in keeping this sidewalk in a reasonably safe condition for passers-by), you must further inquire whether the plaintiff by her want of care contributed to the happening of the injury which she suffered. If you are convinced upon all the evidence that she did not, then your verdict should be for the plaintiff and you should award damages, to be measured according to the instruction I will presently read to you. It has

been read by counsel, I believe. On the other hand, if you fail to find for the plaintiff any of the essential facts I have thus indicated to you that you must find by a preponderance of evidence, your verdict should be for the defendant. With this general statement of the law I will now read the instructions the court has granted, without comment or possibly with brief comment. I will read to you the first instruction granted on behalf of the plaintiff with respect to the measure of care a city must exercise about its sidewalks.

" ' 1. The jury are instructed as matter of law that the defendant is bound to put and keep all public streets and sidewalks in the city of Washington in such condition and state of repair as to make all parts of such streets and sidewalks reasonably safe for the kind of public travel for which they are respectively designed. It is not sufficient that such streets and sidewalks are in such condition as to be reasonably safe in daylight or in good weather, or to adults. Their condition must be such that they will be reasonably safe in all conditions of light and weather in which the public are entitled to use them and to children as well as to adults. ' " And you should particularly regard the second instruction, as it concerns a very important part of your inquiry :

" ' 2. If the jury shall find from the evidence that on the 5th of May, 1888, there was a defect consisting in one or more projections or depressions, or both, about the gas box in question, in the public sidewalk on C street, south, and if they further find from such evidence that such defect was of such nature as to be dangerous to persons passing along the street, then in determining whether or not said defect was known to the defendant it is not necessary to find in the evidence actual notice of such defect to the defendant ; but if such defect from its character, notoriety, or continuance ought to have been known to the defendant, then such notice shall be imputed to it, to the defendant.' "

" This instruction involves, perhaps, the most difficult in-

quiry for you to determine. Was this place dangerous or unsafe ? Was it from its character or notoriety or long continuance such a defect that the authorities ought to have known it? Shall notice be imputed? As I have told you, notice may be imputed to the city in a proper case.

" And the third instruction : ' If the jury shall find from the evidence that the said defect had existed for six months prior to the accident to the plaintiff, if they shall find such accident from the evidence, knowledge on the part of the defendant of the existence of such defect may be reasonably inferred by them from such continued existence of said defect.'

" In this instruction I have said, going somewhat further with respect to time than in the last instruction, if you find the defect and find it dangerous, six months' continuance of such unsafe condition should impute notice to the District authorities.

" And the fourth instruction, with respect to the degree of care used by a child passing and using a sidewalk and playing thereabout : ' In determining the question whether or not the plaintiff was using and exercising due care in passing along the sidewalk the jury are instructed as matter of law that of an infant of tender years less discretion is required than of an adult. By an adult there must be given that care for his own protection that is ordinarily exercised by persens of intelligence and discretion. If he fails to give it, his injury is the result of his own fault, and cannot be visited upon another. Of an infant of tender years less discretion is required than the degree required of age and knowledge. Of a child of three years of age less caution would be required than one of seven ; of a child of seven less than one of twelve or fifteen. The caution required is according to the maturity and capacity of the child.' And in that connection the fifth instruction is given you :

" ' If the jury shall find from the evidence that on the fifth of May, 1888, there was in and around the public sidewalk

of C street, south, one or more depressions or defects, or both, about the gas box in question, dangerous to persons passing along said sidewalk, and that such depressions or projections, or both, had existed for so long a time prior to that that the defendant ought reasonably to have known of its or their existence, and if they shall further find that on that day, at that place, and by reason of such condition about the gas box the plaintiff was then and there injured, they shall find a verdict for the plaintiff, unless they shall further find from the evidence that the said injury was caused by the negligence of the plaintiff, which question of negligence they are to determine with respect to the plaintiff's then age and knowledge and from all the circumstances of the case, bearing in mind that less discretion, care and caution is required of a child of tender years than of an adult, and the caution required is according to the maturity and capacity of the child.'

" And finally, after this instruction to go with you in considering the case on behalf of the plaintiff, the following instruction as to the measure of damages, in case you should find a verdict in favor of the plaintiff:

" 'If the jury shall find from the evidence that the plaintiff is entitled to recover, then it will become their duty to assess from the evidence the damages which the plaintiff has sustained from the injury complained of in the declaration. In fixing the amount of her damages the jury will estimate and ascertain from the evidence such sum of money as will compensate her for the pain and suffering, mental and physical, caused to her by the said injury, and they will include in the estimate of damages such injury to the broken leg of a permanent nature as the evidence may show to have been suffered by her, and the fact of such permanent injury, if they shall so find it, upon her future in life.'

" That is given to you because in the event that you should find for the plaintiff you are not to assess damages wildly or capriciously, but according to the elements of

damage, which I have read slowly so that you may retain it in your mind. Now, with respect to instructions in behalf of the defendant, the court instructs you in the first place :

" ' If the jury believe from the evidence that the plaintiff by her own negligence directly contributed to the injury complained of they should find for the defendant.'

" I have already endeavored to state that part of the case so far as you may consider it of moment in this case upon all the evidence. And in the same connection—

" ' The jury are instructed that it was the duty of the plaintiff while upon the public sidewalk to use such reasonable care and caution to avoid injury as children of her age, maturity and capacity would use under the same circumstances, and that in determining whether the plaintiff used such care and caution at the time of the alleged injury the jury will consider the nature of the alleged defect in the sidewalk, whether it was visible or not, the knowledge of the plaintiff of its condition at a time previous to the alleged injury, and such other facts or circumstances disclosed by the evidence as tend to show the alleged negligence or the absence of it, and if they find from the evidence that the plaintiff was guilty of any negligence which directly contributed to the alleged injury, then she cannot recover, and they will find for the defendant.'

" Now, I have granted the following instruction :

" ' The jury are instructed that the defendant is not an insurer against accidents upon its streets, nor is it liable for injuries resulting from an obstruction or defect therein except upon neglect on its part to repair or remove the same within a reasonable time after notice of knowledge of said obstruction or defect.'

"And I desire you to recollect, in connection with that instruction, what I have already explained the law to mean by constructive notice in connection with the facts in this case.

" You have already heard it stated in your presence that

the plaintiff has abandoned the first and second counts in the declaration in this suit.  The third count remains.  A count is a legal statement of the plaintiff's cause of action; that is all it means.  I have granted the following instruction on behalf of the defendant:

" ' There can be no recovery under the third count of the plaintiff's declaration unless the jury find from the evidence that the plaintiff struck one of her feet against an obstruction in said C street, consisting of an uneven condition of the bricks composing the sidewalk of said street, immediately surrounding a gas box in said sidewalk, of which said bricks one or more projected above the top of said gas box and one or more were depressed below the top of said gas box.'

" That instruction is almost a statement of what I have just described to you as the essence of the plaintiff's statement of the third count or the statement on which you are to try the plaintiff's cause of action, and in granting it I caution you that you must find substantially, from all the evidence, not literally, these facts to justify a verdict for the plaintiff, and I read the following instruction in the same connection:

" ' ' The jury are instructed that the burden of proof is upon the plaintiff to show affirmatively by a preponderance of testimony that the accident whereby she was injured was the result of negligence on the part of the defendant in not keeping the sidewalk on C street, at the place where the accident occurred, in proper condition and repair, and that if she does not show such negligence by such preponderance of evidence, then she is not entitled to recover, and the verdict should be for the defendant, and you are instructed that the negligence of the defendant must appear from the evidence in this case by affirmative proof.'

" You will remember, gentlemen of the jury—you who have been engaged in trying criminal causes—that this is a civil case, and, unlike criminal causes you have been trying, you are to decide this case by the preponder-

ance of the proof. The burden of proof is on the plaintiff
to show affirmatively by a preponderance of testimony that
the injury which she sues for is the result of negligence on
the part of the District authorities in not keeping this side-
walk in proper and safe condition. I shall not further at-
tempt to define what is meant by preponderance of proof
of negligence and affirmative proof in this connection, for
fear that to plain and practical men further definition might
becloud what I seek to make plain. Now, further, the last
instruction I read you in brief in respect to the negligence
being made to appear from the evidence in this case by affirm-
ative proof, I shall only add that this simply emphasizes
this caution, that the essential point, the negligence of the
defendant, must appear by the preponderance of the proof
and must affirmatively appear, and this further instruction
has been granted, the last I shall read to you :

" ' The jury are instructed that there is no evidence of ex-
press notice to the defendant of any defect or obstruction
in the sidewalk complained of, and their verdict must be for
the defendant unless the jury find from the evidence that
such defect or obstruction was dangerous and so notorious
and conspicuous in its character and had continued so long
a time that the authorities charged with the inspection of
the street would in the proper performance of their duty
have known it.'

" This prayer, like the one of the plaintiff's I read almost
in the beginning, involves the most delicate and difficult
part of your inquiry. Upon all the evidence the court has
determined that you must decide—that it is your province
to decide—upon the best testimony in this case, the import-
ant question whether or not the condition of projection or
depression around about this gas box constituted a defect,
a dangerous obstruction and unsafe place in the sidewalk to
passers-by, and for you as practical men to determine it as
a question of fact, and, if you decide such was its condition,
was this obstruction so noticeable, so conspicuous, that the
authorities ought to have by ordinary care and inspection

discovered it, and had it so long continued that the authorities had had time enough by using ordinary care to have known it and to have corrected it or repaired it. With those instructions you will consider the testimony before you, gentlemen of the jury, measure it upon the side of the plaintiff and defendant, again cautioning you, who have tried more criminal than civil causes, that your verdict must be by the preponderance of the evidence, and as you may find it you will find for the plaintiff or defendant, and if you find for the plaintiff you will say in what sum of money you assess the damages to the plaintiff, and if you find for the defendant you will simply say you find for the defendant."

*Mr. Andrew B. Duvall*, Assistant Attorney for the District of Columbia, for the appellant :

1. The court should have directed a verdict for the defendant. There was and is no pretence of any *direct notice* to the defendant of the alleged defect ; if the obstruction was not dangerous *per se*, and the defendant had no direct notice, then constructive notice could not raise a liability. A defect or obstruction in the sidewalk may be dangerous *per se*, as a matter of law, and, if so, it is the duty of the court when requested, or *sero motu*, to so instruct the jury. Courts have frequently declared defects dangerous. " These works are necessarily dangerous, etc." *Woodberry* v. *District of Columbia*, 136 U. S. 464. If a defect may be pronounced dangerous *per se* by the court as a matter of law, then it must be that the court, as a matter of law, may pronounce it not dangerous *per se*. The defect was neither of such a nature as passers-by who saw it would have been likely to have informed the authorities of its existence. *Donaldson* v. *Boston*, 16 Gray, 508. Nor was it of such a character as would naturally attract the attention of persons passing it. So in the absence of express notice, the rule is "the defect must be so open and palpable as to be apparent to and necessarily attract the attention of passers by." *Dewey* v. *Detroit*, 15 Mich. 313 ; *Cook* v. *Anamosa*, 66 Iowa, 427.

2. The defendant's second prayer that " if the jury believe from the evidence that the plaintiff by her own negligence directly contributed in any degree to the injury complained of, they should find for the defendant," should have been granted without any modification. It is settled law, that " any degree " of negligence on the part of the plaintiff directly contributing to the injury defeats recovery. 2 Thompson Trials, sec. 1679–1721 ; *Mattimore* v. *Erie*, 144 Pa. St. 23 ; *Oil City* v. *Doundy*, 122 Pa. St. 449 ; *Wetherly* v. *Regent Canal*, 12 C. B. (N. S.) 5 ; *Nailor* v. *Kansas City*, 85 Mo. 599 ; *District of Columbia* v. *Bolling*, 4 App. D. C. 397. Especially in the case at bar the prayer as asked should have been given. The court granted the plaintiff's prayers and instructed the jury as a matter of law that the plaintiff was chargeable with a degree of discretion, care and caution, altogether different and less than an adult ; the jury affected by, and naturally sympathizing with, an injured child, might well suppose they could condone some negligence on her part which directly contributed, but only in a slight degree, to her misfortune. This was error which necessarily worked injury to the defendant. It certainly might mislead the jury to the injury of the defendant, and therefore is reversible error. " It must be shown *beyond doubt*, that the alleged error neither did, *nor could* prejudice the party against whom it was made." *Deery* v. *Cray*, 5 Wall. 795.

3. The court should direct a verdict for the defendant where the evidence is equally consistent with either the existence or non-existence of negligence on the part of the defendant, because in such a case the negligence is not proved : *a fortiori*, if the court prefers to submit the question to the jury, the court should state to the jury this rule of the law of evidence, of the first importance. *Cotton* v. *Wood*, 8 C. B. 568 ; *Briggs* v. *Oliver*, 4 Hurl. & Colt, 403.

*Messrs. Webb & Webb* for the Washington Gas Light Company :

The judgment of the court below should be reversed

and a new trial granted, because the defendant did not have express notice that there was a defect in the sidewalk, where the accident happened ; and said defect was not of a character or in a part of the sidewalk liable to attract attention, and notice cannot be implied from its existence. *McGrail* v. *Kalamazoo*, 94 Mich. 52 ; *Hembling* v. *Grand Rapids*, 58 N. W. 310.

In order to hold the city authorities liable for accidents occasioned by defects in its sidewalks, without express notice, two things are necessary : First, that the defect must be one of sufficient prominence to attract the attention of passers-by or be noticeable by casual observers ; second, the defect must have existed for such a length of time as to give the city authorities ample time to have it repaired. *District of Columbia* v. *Woodbury*, 136 U. S. 450 ; *Moore* v. *Minneapolis*, 19 Minn. 302 ; *Donlon* v. *Chirton*, 33 Iowa, 397.

In the present case the defect was not at the time of the accident, and never had been, one which would have attracted the attention of any one but a most careful observer, or one who was accustomed to pass by it frequently. Again, the effect complained of was not in a part of the sidewalk used ordinarily by pedestrians, and for that reason was more liable to escape notice. It was situated on the inside of the sidewalk within less than a foot of the parking—a part of the sidewalk rarely walked upon. No question is raised as to the safety and convenience of that part of the sidewalk usually used by pedestrians or its sufficiency to amply accommodate all the travel having occasion to pass over it. The defect complained of, though within the located limits, was outside of the travelled part of the sidewalk. See *Leslie* v. *Lewiston*, 62 Me. 471.

" A town is not liable when the injury resulted from a latent defect of which it was ignorant without negligence." *Ward* v. *Jefferson*, 2 Wis. 342 ; *Hart* v. *Brooklyn*, 36 Barb. 226 ; *McGinty* v. *New York*, 5 Duer. 674. A slight deviation of a sidewalk from its original level, caused by the action of the frost in the winter or spring, is not such a de-

fect as to make the municipality liable for injury to a pedestrian occasioned thereby. *Burns* v. *City of Bradford,* 137 Penn. 361. While the defect which caused the injury in this cause cannot be said to be a latent one, still it was such a minute one as to almost come under that term.

*Mr. R. Ross Perry* for the appellee cited:

*McGarry* v. *Loomis,* 63 N. Y. 108; *Kunz* v. *Trony,* 104 N. Y. 344; *Chicago* v. *Keefe,* 114 Ill. 222; *Gibson* v. *Huntington,* 38 W. Va. 177; Jones, Neg. Mun. Corp. 176; *Railroad Co.* v. *Gladmon,* 15 Wall. 401; *Railroad Co.* v. *Stout,* 17 Wall. 657; *Fritsch* v. *Alleghany,* 10 Norris (Pa.) 226; *Davis* v. *Guilford,* 55 Conn. 351; *Railway Co.* v. *Whitton,* 13 Wall. 290; *Larmon* v. *District of Columbia,* 5 Mackey, 330; *District of Columbia* v. *Woodbury,* 136 U. S. 450.

Mr. Justice SHEPARD delivered the opinion of the Court:

1. After careful consideration of the whole case, we have come to the conclusion that we would not be justified in holding that the court erred in refusing to direct a verdict for the defendant.

The defect does seem to be a slight one, from a general point of view, and one that may not have attracted the attention of ordinary passers-by who did not come in contact with it. Yet there was evidence showing that one person had noticed the condition of the gas box and surrounding bricks a year before the accident occurred, had seen persons stumble on it, and had called it to the attention of his landlord. Another witness had herself stumbled on the same object more than once before. There is no doubt from the evidence that plaintiff, while engaged in innocent play, did actually stumble and fall over it and receive a serious and permanent injury. There was no evidence on behalf of defendant tending to show that there had ever been any inspection or examination of the gas boxes located in the sidewalk at that or any other point, or that any supervision had been exercised over their construction and

maintenance. The witnesses were before the court, together with the plaster representation of the gas box and the surrounding bricks, which was produced by the defendant with the consent of the plaintiff. We have no right to reverse the judgment for error in refusing to direct a verdict for the defendant unless thoroughly satisfied that no recovery could properly be had by the plaintiff upon any view that could be taken of the facts the evidence tends to establish. *Gardner* v. *Mich. C. Railroad Co.*, 150 U. S. 349; *Wash. Gas Co.* v. *Poore*, 3 App. D. C. 127. The learned justice who presided at the trial may have believed that there was culpable negligence on the part of the defendant, or he may have been uncertain as to its existence. In either event, the question was necessarily for the determination of the jury. If uncertain at the time, he still had the power to set aside the verdict, if not satisfied with the justice thereof, after mature consideration. Instead of setting it aside, he gave it his approval and rendered judgment accordingly. We cannot see our way clear to revise his action in this regard, and it remains only to consider whether there was any error committed in the application of the law to the facts in evidence. Necessarily, certain controlling questions of law have been involved in the consideration of the assignment of error above discussed, but it has been deemed advisable to treat them separately under the special assignments made thereon.

2. On account of the very general nature of the second error assigned, viz : " The court erred in granting the several prayers of the plaintiff," we do not feel called upon to consider the various special objections to the six prayers granted on behalf of plaintiff. We shall therefore consider only the substantial objections thereto which have been more or less involved in the determination of the error assigned on the refusal of the court to direct a verdict for the defendant. The following legal propositions were embodied in the special prayers of the plaintiff, which were so qualified by and explained in the general charge of the

court as that their purport, as well as their application to the facts, could not be misunderstood by the jury.

(1) It is the general duty of municipal corporations to so construct the public streets and sidewalks and keep them in repair that they may be fit for the uses intended and reasonably safe against accident to those using them in a proper manner at all times. *District of Columbia* v. *Wood-bury,* 136 U. S. 450, 463 ; *District of Columbia* v. *Haller,* 4 App. D. C. 405 ; *Washington Gas Co.* v. *Poore,* 3 App. D. C. 127 ; *District of Columbia* v. *Bolling,* 4 App. D. C. 397.

The corporation, however, is not held to insure the safety of those who use the street or sidewalk, and, therefore, is under no absolute obligation to respond in damages for every accident that may happen where there is no contributory negligence on the part of the person injured. *District Columbia* v. *Woodbury, supra.* There was no evidence in this case that the gas box had at first been properly and carefully set in the sidewalk, but this seems to have been assumed on the trial, and we will assume it also. Where once a street has been put in good condition and made reasonably safe against all accidents that could reasonably be foreseen and provided for, and afterwards becomes dangerous from any cause, the corporation would not be liable for an injury resulting therefrom, unless it had notice of such dangerous condition in time to have repaired it. This timely notice may be either actual or constructive. Admitting that notice may be constructive, it is earnestly contended, on behalf of the appellant, with the support of weighty authority, that not only must the dangerous condition have existed for some length of time, but also that " it must be so open and palpable as to be apparent to and necessarily attract the attention of passers-by." We quite agree with the court below that this states the rule too strongly in favor of the defendant. Its establishment, it seems to us, would tend to give municipal corporations complete immunity save in the case of glaring defects and obstructions, by virtually excluding the idea of a duty on

their part to inspect the streets and sidewalks with ordinary care and within reasonable periods to see whether dangerous defects may exist therein.

As a matter of fact, some passers-by did discover the defect which caused the plaintiff's injury, by actually stumbling on it; but, at the same time, it cannot fairly be said to have been so apparent as necessarily to attract the attention of the ordinary passer-by who did not come in contact with it. In our opinion the proper questions were: Did the condition of the gas box render the sidewalk dangerous? Would the danger have been discovered upon an inspection of the sidewalk made with ordinary care? Had it been in existence so long as that it ought properly to have been discovered by inspection? These views seem in direct accord with the doctrine of the *District of Columbia* v. *Woodbury,* 136 U. S. 450, 463. Discussing and approving the charge in that case, Mr. Justice HARLAN said: "The District authorities, within the scope of their opportunities and money, being under an obligation to exercise a general supervision of the streets, and to keep themselves informed about their condition, if a street remains in a dangerous condition so long that the authorities could not help, in the exercise of ordinary care and diligence, knowing the fact, and did not know it because they failed to exercise proper diligence, then the law imputes notice to them; in other words, they have notice in contemplation of law, and that is constructive notice. No certain duration of a dangerous condition of a public highway operates of itself as a notice. The law does not require impossibilities of any person, natural or artificial; and it is impossible that all parts of all the streets should be under constant inspection. Consequently, it could not be maintained that at the instant an accident happens to the highway the authorities are charged with notice and held liable therefor if they do not instantly put it in repair. Every such case must be determined by its peculiar circumstances. The District would not be responsible for damages arising from the bad condition of a street unless

actual notice was brought to them of the condition of the street, or unless the street remained in an unsafe condition so long that they ought to have known of it if they exercised ordinary care." See also *Kunz* v. *City of Troy*, 104 N. Y. 344, 349; *Pomfrey* v. *Village of Saratoga*, 104 N. Y. 459, 465; *Davis* v. *Guilford*, 55 Conn. 351, 357; Jones on Negligence of Municipal Corporations, 360 *et seq.*

(2) To say that children may not engage in innocent play upon the sidewalks adjacent to their homes, save at their own risk under all circumstances, would be to enforce a cruel and unreasonable rule against the many children in every large city who have no other place to seek fresh air and recreation in each other's company.

Plaintiff had a perfect right to play on the sidewalk with her little companion, and there could be no negligence in so doing; and this was one of the uses of the sidewalk which defendant is bound to have anticipated. *McGuire* v. *Spence*, 91 N. Y. 303, 306; *Kunz* v. *City of Troy*, 104 N. Y. 344; *City of Chicago* v. *Keefe*, 114 Ill. 222, 226; *Gibson* v. *City of Huntington*, 38 W. Va. 177, 179.

(3) There was nothing in the evidence requiring submission to the jury whether there had been contributory negligence on the part of this five-year old child. Running in play along the sidewalk, as she had no doubt done often before, she happened to strike her foot against and to fall over the raised bricks and gas box. There was nothing else in the evidence. The question was submitted, however, at the suggestion of both parties. At the request of the defendant, the court charged the jury that if the plaintiff, by her own negligence, directly contributed to the injury, they should find against her. At the request of the plaintiff they were told that less discretion is required of a child of tender years than of an adult, and the degree of care required of the child is according to its maturity and capacity. This was a proper qualification of the general rule that had been given on behalf of defendant. *Railroad Co.* v. *Gladmon*, 15 Wall. 401; *B. & P. Railroad Co.* v. *Webster, ante* p. 182.

3. The court did not err in refusing defendant's eighth special prayer, to the effect that, as the burden of proof was on the plaintiff, if the "evidence is equally consistent with either the existence or the non-existence of negligence on the part of the defendant, their verdict must be for the defendant." The jury had already been told, at the request of the defendant, that the burden of proof was upon the plaintiff to show the negligence of the defendant, and that this must be done by a preponderance of evidence; and this was repeated in the general charge. Nothing more was needed on this point. A jury that could not have understood the meaning of the instructions given, would have obtained no new light from the prayer which the court denied.

4. It is unnecessary to discuss other special prayers granted and refused. The merits of the case are fully covered by those that have been considered. It may be added, however, that the general charge contained a plain statement of the law of the case, and, save in the particulars that have been noticed, was all that defendant could reasonably have asked.

Finding no error in the proceedings, *the judgment appealed from will be affirmed, with costs to the appellee.*