evidence in favor of the plaintiff by the trial justice, and we see no reason for reversing his decision. Judgment affirmed, with costs.

(117 App. Div. 843)

MORONEY v. CITY OF NEW YORK. (Supreme Court, Appellate Division, Second Department. March 8, 1907.) Appeal from Trial Term, Kings County. Action by Mary C. Moroney against the city of New York. From a judgment on a verdict for plaintiff, and from an order denying a motion for new trial, defendant appeals. Affirmed. James W. Covert (James D. Bell, on the brief), for appellant. Elmer S. White, for respondent.

PER CURIAM. Judgment and order affirmed, with costs, on opinion of Mr. Justice Kelly at Trial Term (97 N. Y. Supp. 642).

GAYNOR, J. (dissenting). The action was for damages to the plaintiff by a defect in a sidewalk. The testimony for the plaintiff of the defect is as follows: The plaintiff testified that as she was walking with her husband after dark "my foot caught under a flagging and threw me." She did not examine the defect then, but did after she got well, but does not say what it was or describe it. She says on cross-examination that she could not get her foot out after she fell; her husband had to pull her foot out from under the flagging in order to lift her up; it was held fast there "for several moments." In her preliminary examination, when she filed her claim against the city, she says she went back and examined the defect the night of the accident. The testimony of another witness that the plaintiff was out in the street next day, and called on an acquaintance, is not disputed. Her hurt was not great. A woman who lived opposite testified that she saw the accident from her side; that where the sections of the sidewalk met one side was "some" 2½ or 3 inches higher than the other, and the edge broken off some here and there. She could not tell what the material of the sidewalk was. "I did not particularly look at it," she says. Her observation and estimate was made by looking from across the street, and "by passing there several times"—on which side is left to inference. The plaintiff's husband testified that he went back and examined the defect next day; that one flag was "about" 2 inches higher than the other, "and there was a couple of jagged edges where a person could put their foot under where the edge of one met the edge of the other"; that the sidewalk was of concrete; that "the judgment I have given to the court and jury as to the difference in the point of elevation is a surmise from simply an inspection with the eye." No measurements were made by the plaintiff or any witness for her. The evidence for the defendant was as follows: A civil engineer was sent to examine the defect after the accident. By his actual measurements one section at the joint ran from 1¾ to 1½ inches higher than the next section. At the edge small pieces were jagged or chipped off. Three other witnesses and two policemen who took no measurements testified that the rise was about 1 to 1½ inches. No one mentions any hole. The verdict was against the weight of evidence. That of the plaintiff and her husband of her foot being cast in a hole under the sidewalk for several minutes, so that he had to pull it out in order to lift her up, is an obvious exaggeration. There is no evidence of such a hole. Even the husband's, that the top of one flag was "about" 2 inches higher than the next one (which he says is a surmise) is inconsistent with it; and the wife does not describe the defect at all. The statement of the husband that one could get his foot "under where the edge of one meets the other" is a mere conclusion and not evidence. The other witness for the plaintiff mentions no hole. The plaintiff could have had measurements taken by a competent and trustworthy person, but did not. The evidence of the civil engineer who did make accurate measurements should outweigh all surmises and loose testimony, if credible, and there is no reason to say it is not. The evidence that one flag appeared to be "about" or "some" 2 or 2½ inches higher than the other is consistent with the accurate evidence that the elevation was 1½ or 1¾ inches, and cannot be permitted to outweigh it. Moreover, the photograph shows that there was no hole at all. A verdict should have been directed for the defendant at the close of the case. The evidence in its entirety showed that the defect was too slight to base a charge of negligence on against the city. Butler v. Village of Oxford, 186 N. Y. 444, 79 N. E. 712. No rule of perfection can be applied to a municipal corporation any more than to any one else. This world is not perfect and the affairs of men are not held to such a rule. There are many places in the streets where one may stub his toe which are not negligent defects, and on private property, also. The judgment and order should be reversed.

RICH, J., concurs.

MULLER et al. v. CITY OF PHILADELPHIA et al. (Supreme Court, Appellate Division, First Department. March 22, 1907.) Action by Charles F. Muller and others against the city of Philadelphia and others. R. F. Coudert and L. Marshall, for appellants. C. H. Tuttle, for respondents. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

MULLER, Respondent, v. MULLER, Appellant. (Supreme Court, Appellate Division, Second Department. March 1, 1907.) Action by Ella Muller against Louis Muller. No opinion. Appeal dismissed, with $10 costs and disbursements.

MUNDT, Respondent, v. WHIFFEN, Appellant. (Supreme Court, Appellate Division, Second Department. March 8, 1907.) Action by Mamie Mundt against Ella M. Whiffen. No opinion. Order of the City Court of Mt. Vernon, setting aside dismissal of the complaint and granting new trial, affirmed, with costs.

MUNRO, Appellant, v. WELLS BROS. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. March 6, 1907.) Action by David H. Munro against the Wells Brothers Company. No opinion. Motion for reargument denied, with $10 costs and dis-