## SPEIRS v. DISTRICT OF COLUMBIA.
### No. 6597.

United States Court of Appeals for the District of Columbia.

Decided July 13, 1936.

Charles D. Council, of Washington, D. C., for plaintiff in error.

E. Barrett Prettyman and George D. Neilson, both of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

STEPHENS, Associate Justice.

This case arises upon a writ of error to the Municipal Court of the District of Columbia. The action was in tort for negligence. At the close of the case for the plaintiff, the trial court granted a motion for a directed verdict in the defendant's favor. The sole question in the case is the propriety of this ruling.

The case made for the plaintiff was in substance and effect as follows: On June 16, 1934, at about 1 p. m. the plaintiff, on his way to meet a friend with whom he was going to a baseball game at Griffith Stadium at Seventh Street and Florida Avenue, N. W., in the District of Columbia, stepped off a street car going south on Seventh Street, near the corner of Seventh and T Streets. He walked to the west sidewalk on Seventh Street and as he stepped up onto the sidewalk he passed over, or nearby, a depression in the street. He then turned around and stepped back from the sidewalk curb into the street and into the depression. Had he seen the depression before stepping from the curb, he would not, so he testified, have stepped in it. His left ankle was sprained with such severity that he lost time and pay from his work and so that he was put to expense for medical services, liniment, and the like; also his clothing was damaged. The depression was about one foot from the sidewalk curb of Seventh Street between the street car safety zone and the sidewalk; it was about three or four inches deep, about a foot wide, and a foot or a foot and a half long. It had been in the street during the winter preceding the plaintiff's accident. When snow and ice were on the ground, wheels on trucks had been seen to spin at the point of the depression in the street, when such vehicles started to pull away from the curb.

The plaintiff's complaint charged that the defendant negligently permitted the street to become dangerous at the point mentioned. The defendant, admitting a duty to exercise reasonable care to see that the streets are maintained in a reasonably safe condition, and admitting that a hole existed in the street at the point mentioned,

694

nevertheless denied that the same was dangerous to the traffic of pedestrians, and denied that it had either actual or constructive notice of a dangerous condition in the street; and the defendant charged contributory negligence on the part of the plaintiff.

■ As we said recently in Schwartzman v. Lloyd, 65 App.D.C. 216, 82 F.(2d) 822:

"Under familiar rules, on motion for a directed verdict the evidence must be construed most favorably to the plaintiff. Thomas R. Riley Lumber Co. v. McHarg, 47 App.D.C. 389, 390. And the plaintiff is entitled to the full effect of every legitimate inference. Dodge v. Rush, 28 App. D.C. 149, 154 [8 Ann.Cas. 671]. If, so viewing a plaintiff's case, there is lacking evidence upon which jurymen can properly find a verdict—there must be more than a mere scintilla—the court must intervene. Gunning v. Cooley, 281 U.S. 90, 93, 94 [50 S.Ct. 231, 74 L.Ed. 720]. Or, as sometimes said, if the evidence is not such that upon it all reasonable men must reach the same conclusion, or if, to put it conversely, upon the evidence reasonable men might differ, the case is for the jury, not the court. Grand Trunk Railway Company v. Ives, 144 U.S. 408, 417 [12 S.Ct. 679, 36 L.Ed. 485]; Chr. Heurich Brewing Co. v. McGavin, 56 App.D.C. 389, 390, 16 F.(2d) 334, 336; Weisenberg v. Hazen, 63 App.D.C. 398, 400, 73 F.(2d) 318, 320." 82 F.(2d) 822, at page 824.

■ We think it cannot be said, on the case made for the plaintiff, that all reasonable men must have concluded that there was no negligence on the part of the defendant, or concluded that there was contributory negligence on the part of the plaintiff.

■ It would serve no useful purpose to review the many authorities cited for the defendant. Whether upon evidence submitted a verdict should be directed is a question which a court must according to its best judgment decide on the facts of the particular case. Rulings in other cases although at times persuasive can rarely be said, because of differences in the facts, to be definitely controlling. It may be commented, however, that in respect of the issue of contributory negligence, District of Columbia v. Aukward, 45 App.D.C. 155,

closely parallels the instant case. There the plaintiff, while crossing a street at a point off the regular intersection crossing, was injured through stepping into a depression about three inches deep, eight or ten inches wide and eighteen inches long, caused by the settling of paving blocks at the side of an iron ventilating trap. She did not notice the depression, although she admitted on cross-examination that had she been looking down at that point, she would have seen it. The case was submitted to the jury and there was a plaintiff's verdict. On appeal it was not questioned that the evidence warranted a finding of negligence on the part of the District, the sole contention being that under the evidence the plaintiff was as a matter of law guilty of contributory negligence. It was held that she was not. Speaking for the court, Mr. Justice Robb said:

"Certainly it cannot be said that she was guilty of contributory negligence merely because she attempted to cross where she did." [Authorities cited] 45 App.D.C. 155, at page 161.

and also:

"Appellee's admission, on cross-examination, that she was not looking down when she stepped into the depression, while tending to show lack of care on her part, was not necessarily conclusive of the question. She was not required, nor is any pedestrian required, constantly to look down and thereby assume the danger of being run over." 45 App.D.C. 155, at page 162.

See also Mosheuvel v. District of Columbia, 191 U.S. 247, 24 S.Ct. 57, 48 L.Ed. 170.

On the issue of negligence, Dist. of Columbia v. Boswell, 6 App.D.C. 402, is not substantially dissimilar. There the plaintiff was injured through stumbling over a gas box which projected a little above the surface of the sidewalk. Mr. Justice Shepard, recognizing that "The defect does seem to be a slight one, from a general point of view * * *" nevertheless held that:

"We have no right to reverse the judgment for error in refusing to direct a verdict for the defendant unless thoroughly satisfied that no recovery could properly be had by the plaintiff upon any view that could be taken of the facts the evidence tends to establish." 6 App.D.C. 402, at page 417.

Potomac Electric Power Co. v. Hemler, 47 App.D.C. 34, represents on facts of some similarity to those in the instant case, the

same view we herein express on the questions of negligence and contributory negligence both. There the plaintiff was injured by stepping into a box left uncovered by the defendants, Potomac Electric Power Company and the District of Columbia. It was about four and one-half inches in diameter, with the top slightly below the surface of the ground, and was located on the sidewalk in what was called a tree space. The plaintiff stepped into it when moving towards an automobile at the curb. The accident was at night, but some two weeks before the accident as the plaintiff was going along the street, she saw the open box, but "did not pay any attention to it." At the close of the evidence for the plaintiff, motions for a directed verdict made separately by the Potomac Electric Power Company and the District of Columbia were overruled by the trial court. On appeal it was held that there was sufficient evidence of negligence on the part of the defendants to carry the case to the jury, and that it would have been error for the lower court to have told the jury that the plaintiff was guilty of contributory negligence. On the latter point, the opinion by Mr. Chief Justice Smyth was based upon Mosheuvel v. District of Columbia, supra.

On the issue of notice Potomac Electric Power Co. v. Hemler, supra, is in point. It was there held that existence, in one of the thickly populated portions of the city, for more than two weeks before the accident, of the condition—the uncovered box—which brought the accident about, was sufficient to warrant the jury in finding that the District of Columbia had, or should have had, notice.

"It is settled law that the District of Columbia, having full control of the streets, is 'under a duty to keep the public ways of the city in such condition that they can be used with reasonable safety,'. and that for negligently failing so to do liability attaches." [Authorities cited] Stephenson v. District of Columbia, 54 App.D.C. 297, 299, 297 F. 876.

We therefore conclude that the case should have been submitted to the jury, and accordingly, the judgment of the Municipal Court of the District of Columbia must be, and the same is hereby,

Reversed and the case remanded for further proceedings.

*Writ of certiorari denied 57 S. Ct. 191, 81 L. Ed. —.