Eva Keener, Appellant, *v.* Benjamin E. Tilton, as Trustee of New York State Railways, Respondent.

Argued March 8, 1940; decided July 24, 1940.

*Albert Orenstein* for appellant. The Appellate Division erred in applying the wrong standards of liability of the defendant. (*Derby* v. *Degnon-McLean Contracting Co.,* 112 App. Div. 324; *Durr* v. *N. Y. C. & H. R. R. R. Co.,* 184 N. Y. 320.) The application of the rules relating to the responsibility of municipalities for depressions are not applicable to a common carrier. (*Grissinger* v. *International Ry. Co.,* 143 App. Div. 631; *Walsh* v. *Syracuse Rapid Transit Ry. Co.,* 70 App. Div. 362; *Welch* v. *Syracuse Rapid Transit Ry. Co.,* 89 App. Div. 616; 181 N. Y. 565; *Wolf* v. *Third Ave. R. R. Co.,* 67 App. Div. 605; *Wells* v. *Steinway Ry.*

*Co.*, 18 App. Div. 180; *Flack* v. *Nassau Electric R. R. Co.*, 41 App. Div. 399; *Page* v. *United Traction Co.*, 161 App. Div. 384; *Walsh* v. *Richmond Light & R. R. Co.*, 124 App. Div. 533; *Engel* v. *Brooklyn & Queens Transit Corp.*, 252 App. Div. 792.) The location, size and depth of the hole and its continued existence for one month prior to the accident, definitely established liability on the part of the trolley company. (*Durr* v. *N. Y. C. & H. R. R. R. Co.*, 184 N. Y. 320; *Terry* v. *Village of Perry*, 199 N. Y. 79; *Faber* v. *City of New York*, 213 N. Y. 411; *Carr* v. *City of New York*, 281 N. Y. 469.)

*Lewis P. Smith, Jr.*, and *Willis H. Michell* for respondent. Plaintiff failed to sustain the burden of proof as to the negligence of the defendant. (*Weiser* v. *Dry Dock, E. B. & B. R. Co.*, 188 N. Y. Supp. 856; *Stierle* v. *Union Ry. Co.*, 156 N. Y. 70; *Beltz* v. *Buffalo, R. & P. Ry. Co.*, 222 N. Y. 433; *Palsgraf* v. *Long Island R. R. Co.*, 248 N. Y. 339; *Terry* v. *Village of Perry*, 199 N. Y. 79; *Lalor* v. *City of New York*, 208 N. Y. 431; *Stakel* v. *City of Batavia*, 260 N. Y. 628; *Grissinger* v. *International Ry. Co.*, 143 App. Div. 631; *Kantrowitz* v. *Brooklyn, Q. C. & S. R. R. Co.*, 173 App. Div. 192.)

LOUGHRAN, J. In alighting after dark from a trolley car of the defendant at a street crossing, plaintiff stepped into a hole in the pavement and fell. A judgment entered on a verdict for her damages has been reversed and the complaint dismissed.

The hole in the street was outside the defendant's right of way. It was a rectangular depression eleven and three-quarters inches long and six inches wide. Lengthwise it formed a right angle with the track of the defendant and at its end nearer thereto was not more than two inches deep. There was uncontradicted evidence of its existence for at least one month before the accident. Whether claims had been made against the defendant for similar accidents the record does not show.

The trial judge left to the jury the question " as to whether or not this depression was of such a character as to charge

this defendant with negligence." The jury's answer in favor of the plaintiff has been rejected by the Appellate Division as contrary to and against the weight of the evidence.

Argument for the defendant does not go so far as to assert that a carrier owes no duty at all to passengers in respect of hazardous conditions of the journey external to its own property and equipment. But the defendant does take the broad ground that a passenger when getting off the step of a street car must in all cases depend upon himself alone for protection against the possibility of his stepping into a depression in the highway which a municipality would not be bound to repair for the safety of pedestrians. We see no reason for establishing so substantial an exception to the rule which requires of carriers of persons that their undertaking be discharged with all due caution and forethought.

A hole in a street must be pretty deep before a pedestrian injured thereby can hold the municipality to payment of his damages. (*Lalor* v. *City of New York*, 208 N. Y. 431.) This is a practical limitation upon the implied civil liability of municipal corporations respecting defective streets. Such residual governmental immunity in that field cannot be made to shelter proprietors of street railways against indifference in setting down passengers at insecure places on the highway.

The essential duty of a carrier may call upon it to safeguard a passenger against inconspicuous dangers of the road that should be known to it. (*Dudley* v. *Smith*, 1 Campb. 167; *Schlessinger* v. *Manhattan Ry. Co.*, 98 N. Y. Supp. 840.) It may be that the hole which caused this plaintiff's fall was not exactly a trap. But was it self-evident that the risk of such a mishap was altogether remote even in the nighttime? Or that no convenient way of disclosing the pitfall to the plaintiff would have kept her on her feet? Matters of that kind were to be considered in deciding upon the quality of the conduct of this defendant's servants in the circumstances. We cannot say that their conduct was so plainly sufficient that the question should not go to a jury.

The judgments should be reversed and a new trial granted, with costs to abide the event.

LEHMAN, Ch. J. (dissenting). The depression into which the plaintiff stepped was in a portion of the street paved with bricks. It was a few feet south of a crosswalk at a point where a street car would ordinarily be expected to stop in order to let off passengers. The depression, according to the plaintiff's witnesses, was the " length of a brick and the width of a brick " and it appeared to these witnesses as if the surface of one brick in the pavement was an inch and a half or two inches below the surface of the other bricks. Stepping into that depression, the plaintiff fell, and for the injuries suffered in her fall, the street railway company has been held liable.

The duty to keep the street safe rests upon the city, but as Judge LOUGHRAN states in his opinion, " a hole in a street must be pretty deep before a pedestrian injured thereby can hold the municipality to payment of his damages. (*Lalor* v. *City of New York*, 208 N. Y. 431.) " Freedom of the city from liability for damages caused to a pedestrian by a fall in a depression of less depth is not, I think, based upon any " residual government immunity " from liability for failure by the city to exercise reasonable care in the performance of its duty to keep the streets safe for those who use them, but rather on the ground that depressions in a sidewalk or crosswalk of a street, which are not " pretty deep," create no danger to a pedestrian so serious that the city in the exercise of reasonable care might have anticipated and should have guarded against the hazard. (Cf. *Beltz* v. *City of Yonkers*, 148 N. Y. 67, and other cases cited by this court in *Lalor* v. *City of New York*, *supra*.) Since the defendant railway company is under no duty to keep the streets near its tracks in repair, liability for the plaintiff's fall cannot be predicated upon the condition of the street. The defendant's duty to the plaintiff was only to exercise " ordinary care in furnishing a safe place to passengers to enter upon or alight from its cars." (*MacKenzie* v. *Union Ry. Co.*, 82 App. Div. 124, 129; affd., 178 N. Y. 638.) Its duty to its passengers is different from

the duty which the city owes to pedestrians, but the measure of the duty of each is " reasonable care and it is liable only for neglect to perform this duty." (*Beltz* v. *City of Yonkers*, *supra*, p. 70.) The rule which requires carriers and municipal corporations alike to discharge their respective duties " with all due caution and forethought " is not subject to any arbitrary exception made by the courts in favor of either, nor can the responsibility of a carrier for failure to exercise due caution and forethought in the performance of the duty imposed upon it by law be enlarged or restricted by the care or lack of care of the city in the performance of its duties.

The depth of the hole and the consequent danger which a reasonable man might apprehend is, nevertheless, an important if not decisive factor in determining both whether the city, in failing to repair the hole, has been guilty of want of " due caution and foresight " in the performance of its duty to keep the streets of the city in safe condition, and whether the carrier in stopping its car near the hole has been guilty of want of " due caution and forethought " in the performance of its duty to provide a safe place for passengers to alight. Here, no failure by the carrier to use due care has been shown unless it can be said that the employees of the company not only should have discovered the depression in this street, which had existed for a month, but should have realized that such depression made a usual stopping place of cars unsafe for alighting passengers, although the depression was so slight that the city was not under any duty to repair it. In measuring reasonable care, practical standards must be used, and it seems to me that there can be no finding of want of care under the circumstances of this case except by application of a standard almost fantastic in its disregard of realistic and practical considerations.

The judgment of the Appellate Division should be affirmed.

FINCH, RIPPEY and CONWAY, JJ., concur with LOUGHRAN, J.; LEHMAN, Ch. J., dissents in opinion; SEARS and LEWIS, JJ., taking no part.

Judgments reversed, etc.