RUTH HAYES, Respondent, *v.* CITY OF NEW YORK, Appellant, et al., Defendants.

Second Department, March 20, 1944.

536

*Ignatius M. Wilkinson, Corporation Counsel, Fred Iscol* and *James Hall Prothero* for appellant.

*Isidore Friedman* and *George H. Josephart* for respondent.

*Per Curiam.* The action is to recover damages for personal injuries suffered as a consequence of plaintiff's fall upon a public sidewalk in Brooklyn at a point where there was a variation in the levels of two adjoining sidewalks. Upon the trial the appellant had a verdict and a motion to set it aside was denied. A reargument of that motion was granted and upon reargument the verdict was set aside and a new trial directed on the ground that the charge of the court to the jury was erroneous.

In our opinion the order should be reversed and the verdict reinstated for the following reasons:

(a) The submission to the jury was made on a charge to which no exception was taken by plaintiff, and that charge became the law of the case. This rule should be enforced in view of the result not being a manifest injustice.

(b) This was not a " hole " case. It was a case that involved a difference in level between two adjoining sidewalks and was controlled by the doctrine of cases pertinent to such a situation. (*Butler* v. *Village of Oxford,* 186 N. Y. 444; *Dowd* v. *City of Buffalo,* 290 N. Y. 895; *Messmer* v. *De Rosa,* 265 App. Div. 958.) The specification of negligence was that " the flagging projected several inches above the general level."

(c) Assuming that the rule in respect to holes was applicable, the charge of the court in conformity with the general four-inch rule stated in *Lalor* v. *City of New York* (208 N. Y. 431) was correct. That case has not been overruled and its authority was recognized recently in *Keener* v. *Tilton* (283 N. Y. 454, 456). The statement in *Wilson* v. *Jaybro Realty & Development Co.* (289 N. Y. 410, 412) that there is no rule that a hole in a public thoroughfare must be of a particular depth before liability may ensue must be construed to give effect to the

phrase used therein — " under all circumstances." The general rule does not apply and the depth of the hole is not of controlling importance in special situations which concern a hole which has a conformation of such a character as to constitute it a trap, and it has had that effect. This is also true where the hole is dangerous as a consequence of a user of the public highway for corporate purposes, with resultant statutory obligations (Railroad Law, § 178) to maintain conditions on the public highway that are safe for those entitled to invoke the benefit of that separate and distinct duty, or arising from such user, as where a carrier deposits a passenger at a point of danger. (*Hamer* v. *Village of Whitesboro*, 287 N. Y. 816; *Keener* v. *Tilton, supra*.) Likewise, where the condition of danger exists to the detriment of a business visitor using a path on private property, especially one which constitutes an extension of a sidewalk for the advantage of the adjoining property owner (*Wilson* v. *Jaybro Realty & Development Co., supra*); or where the hole is an incident to a user of the public thoroughfare by an abutting property owner for a private convenience (*Gibson* v. *Jaystone Drug Co.*, 267 App. Div. 201 [1st Dept.]), which latter doctrine stems from *Clifford* v. *Dam* (81 N. Y. 52).

The order setting aside the verdict should be reversed on the law, with costs, the motion denied and the verdict reinstated.

HAGARTY, Acting P. J., CARSWELL, ADEL, LEWIS and ALDRICH, JJ., concur.

Order on reargument setting aside verdict reversed on the law, with costs, the motion denied and the verdict reinstated.