MARY E. CARSON, Respondent, v. CITY OF NEW YORK, Appellant.— Defendant appeals from a judgment recovered by plaintiff for personal injuries caused by falling upon a crosswalk in a public street of the city. Judgment reversed on the law and a new trial granted, with costs to appellant to abide the event. Plaintiff's testimony was to the effect that there was a hole in the street seven to nine inches deep and about a foot from the curb; that it was in the nature of a trap; and that her foot caught therein, causing her to fall. Defendant's testimony was to the effect that the defect in the street was not a hole, but was a depression caused by tires of trucks being driven over the street in hot weather, that it was oval in shape, and less than four inches in depth. In the court's charge to the jury it referred to plaintiff's contention as to the manner in which the accident happened, but did not refer to the testimony offered on behalf of defendant. The court also charged the jury to the effect that a hole in a public thoroughfare did not have to have any particular depth under all

circumstances before it would create legal liability on the part of the city. To this charge an exception was taken. The court also refused to charge the so-called " four-inch rule ". We believe that under the facts of this case such refusal was error which requires a new trial. If the jury accepted the contention of defendant, there was an absence of liability. (*Lalor* v. *City of New York,* 208 N. Y. 431; *Hayes* v. *City of New York,* 267 App. Div. 535.) It was only if the jury found that the hole was in the nature of a trap that the four-inch rule would not apply. But this rule was not clearly nor expressly stated. The court has considered the questions of fact and has determined that it would not grant a new trial upon those questions were it not for the errors alluded to. Close, P. J., Hagarty, Adel and Aldrich, JJ., concur; Carswell, J., not voting.