## DISTRICT OF COLUMBIA v. WILLIAMS.

No. 338.

Municipal Court of Appeals for the District of Columbia.

March 14, 1946.

Chester H. Gray, Principal Asst. Corp. Counsel, of Washington, D. C. (Vernon E. West, Corp. Counsel, and Edward A. Beard, Asst. Corp. Counsel, both of Washington, D. C., on the brief), for appellant.

Earl H. Davis, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD, Associate Judge.

HOOD, Associate Judge.

Plaintiff sued and obtained judgment against the District of Columbia for damages on account of injuries resulting from a fall on a public sidewalk. She was caused to fall by tripping or stumbling upon the edge of a paving block which projected higher than the adjacent block. From the evidence it appeared that the difference in elevation, which had existed for more than a year, was not due to faulty construction, but was caused by a uniform settlement of the paving blocks immediately south of the point where plaintiff tripped. The only real issue of fact was the extent to which the northerly block was elevated above the southerly block. On this point the testimony varied from 15⁄16ths of an inch to 3 inches. The jury was instructed to return, in addition to its general verdict, a special finding as to the height of the elevation. The jury found the elevation to be "between 1 and 1⅝ inches." Following the verdict and special finding, the District moved for judgment non obstante veredicto. The motion was denied and this appeal followed.

The ground for the motion non obstante veredicto, and the sole ground urged here, is expressed by the District in the following proposition:

"A defect in the public sidewalk which consists only of a change in elevation between paving blocks of not more than 1 and ⅝ inches is an inconsequential defect for which the District of Columbia can not, as a matter of law, be held answerable."

This proposition, ably presented in the District's brief, is basically founded on the rule well established here, and elsewhere, that a municipal corporation is not an insurer of the safety of travelers upon its streets and is only required to maintain sidewalks and roadways in a reasonably safe condition. Campbell v. District of Columbia, 64 App.D.C. 375, 78 F.2d 725; District of Columbia v. Boswell, 6 App.D.C. 402. From that established rule the District argues that it is not liable for every deviation from perfection occurring in the sidewalks of the city; that certain minor imperfections constitute inconsequential defects for which the District, as a matter of law, is not answerable; and that the defect which caused the plaintiff's fall is, and ought to be, held in law so inconsequential as not to constitute a sufficient basis for submitting to the jury the question of the District's negligence and liability. In effect, we are asked to hold, as a matter of law, that a sidewalk, with one paving block projecting 1⅝ inches above the adjacent block, is in a reasonably safe condition.

The theory of non-liability of a municipality for so-called inconsequential defects in public streets and walks has reached its highest development in the courts of New York. Beginning in 1895 with Beltz v. City of Yonkers, 148 N.Y. 67, 42 N.E. 401, 402, wherein a depression of 2½ inches in a flagstone walk was held a defect "so slight that no careful or prudent man would reasonably anticipate any danger from its existence," through a series of cases extending to the present time, the courts of New York have apparently adhered to this doctrine. E.g., Hamilton v. City of Buffalo, 173 N.Y. 72, 65 N.E. 944; Butler v. Village of Oxford, 186 N.Y. 444, 79 N.E. 712; Lalor v. City of New York, 208 N.Y. 431, 102 N.E. 558, Ann.Cas.1916E, 572; Stakel v. City of Batavia, 260 N.Y. 628, 184 N.E. 122; Boyne v. City of Buffalo, 269 N.Y. 657, 200 N.E. 44.

The doctrine developed to the extent that the Second Circuit Court of Appeals in Ray v. City of New York, 108 F.2d 170, stated that under the New York rule, with the possible exception of a "trap," "one test of what is not too inconsequential to be the basis of actionable negligence seems to be whether or not the hole is more than five inches deep."

Whether the "rather arbitrary rule of depth" is 5 inches, as stated by the Second Circuit; or 4 inches, as indicated in Carson v. City of New York, 267 App.Div. 993, 48 N.Y.S.2d 265; or merely "pretty deep," to use the language of Keener v. Tilton, 283 N.Y. 454, 28 N.E.2d 912; the history of the rule as developed in New York does not commend the rule to us. When a court rules as a matter of law that a municipality is not liable for an injury

caused by a depression of a certain depth, it will be forced somewhere along the line in subsequent cases involving depressions a fraction of an inch more in depth to adopt some arbitrary figure. For example, if we should rule in this case that a projection in the sidewalk of 1⅝ inches creates no liability on the District, what are we to say of a projection of 2 inches, 2¼ inches, 2½ inches, etc.

The New York rule has been criticized in its own jurisdiction (see dissent of Judge Vann in Hamilton v. City of Buffalo, supra), and there are apparent exceptions to the rule. Cf. Moroney v. City of New York, 117 App.Div. 843, 97 N.Y.S. 642, 103 N.Y.S. 1135, affirmed 190 N.Y. 560, 83 N.E. 1128; Hamer v. Village of Whitesboro, 287 N.Y. 816, 41 N.E.2d 94. Moreover, even in New York the judges differ as to whether the rule is based on a "residual governmental immunity" or on the theory that the municipality in the exercise of reasonable care could not anticipate a hazard arising from the defect. See Keener v. Tilton, supra, and the dissent of Lehman, C. J. Also it should be noted that some of the cases seem to make a distinction between a hole in the street and a projection above its surface. See Hayes v. City of New York, 267 App.Div. 535, 47 N.Y.S. 2d 324.

Furthermore, in 1943, the highest court of New York, in Wilson v. Jaybro Realty & Development Co., Inc., 289 N.Y. 410, 412, 46 N.E.2d 497, 498, made the following statement:

"There is no rule that a hole in a public thoroughfare must under all circumstances be of a particular depth before its existence can give rise to a legal liability."

The language just quoted has resulted in differing conclusions in the lower courts. See opinion of Justice Johnson in Hayes v. City of New York, Sup., 41 N.Y.S.2d 871, and the opinion of the Appellate Division, reversing him, in 267 App.Div. 535, 47 N.Y.S.2d 324.

Whatever may be the exact rule in New York, we find it neither sound nor clear. If it fixes an arbitrary figure, without regard to surrounding circumstances, it is not sound. If it permits surrounding circumstances to create exceptions, it is not clear; for the circumstances of each case will necessarily differ.

We have examined the decisions in other jurisdictions which have adopted rules pat-terned after that of New York. The cases are too numerous to discuss, but it appears to us that they have met with the same difficulties found in the New York cases. For example, see Richmond v. Rose, 127 Va. 772, 102 S.E. 561, 105 S.E. 554; City of Roanoke v. Sutherland, 159 Va. 749, 167 S.E. 243; Buck v. Danville, 177 Va. 582, 15 S.E.2d 31; and City of Richmond v. McDonald, 183 Va. 694, 33 S.E.2d 186. See also City of Dayton v. Lory, 169 Ky. 94, 183 S.W. 252, and cases cited. Other state courts have flatly refused to follow the New York rule. E.g., Shugren v. Salt Lake City, 48 Utah 320, 159 P. 530; Kuntz v. City of Pittsburgh, 123 Pa.Super. 394, 187 A. 287; Hook v. City of Sacramento, 118 Cal.App. 547, 5 P.2d 643.

■ While the question does not appear ever to have been squarely presented in this jurisdiction, we think our local decisions indicate that the question of the District's negligence in the present case was properly submitted to the jury. Although holding time after time that the District is not an insurer of the safety of travelers, our courts have held that defects in streets or sidewalks, even though slight, present a jury question. In District of Columbia v. Boswell, 6 App.D.C. 402, the court said that the defect seemed to be "a slight one," but held that the District was not entitled to a directed verdict. And the language of that case was approved in Speirs v. District of Columbia, 66 App.D.C. 194, 85 F.2d 693, in reversing a directed verdict in favor of the District. See also Burke v. District of Columbia, 42 App.D.C. 438.

■ We conclude that the proper rule is stated in McQuillin on Municipal Corporations, 2d Ed. Revised, Vol. 7, Sec. 3088, as follows:

" 'In the very nature of the situation it must be obvious that the courts ought not and cannot arbitrarily determine that the maintenance of a particular defect in a street or sidewalk does or does not constitute negligence.' For example, the question whether a hole in a street or sidewalk is an actionable defect is a question of fact for the jury. And the same rule applies to cracks in sidewalks."

The present case presented a situation wherein reasonable men could differ on the question of the District's negligence, and the issue was therefore properly submitted to the jury.

Affirmed.