Elvie J. Smith, Appellant, *v.* The City of Albany,
Respondent.

(Argued January 27, 1933; decided March 1, 1933.)

*John J. McManus* for appellant.   The trial court erred
in granting the defendant's motion for a nonsuit and a
dismissal of the complaint.   (*Urquhart* v. *City of Ogdens-
burg,* 97 N. Y. 238; *Garrett* v. *City of Buffalo,* 7 N. Y.
St. Repr. 96; 122 N. Y. 641; *Granger* v. *Village of Seneca
Falls,* 45 Hun, 60; *Brown* v. *City of Syracuse,* 77 Hun, 411;
*Kunz* v. *City of Troy,* 104 N. Y. 344; *Stern* v. *International
Ry. Co.,* 220 N. Y. 284; *Ryan* v. *City of Schenectady,* 91
Misc. Rep. 296; *Tremblay* v. *Harmony Mills,* 171 N. Y.
598.)   It was a question for the jury whether the defend-
ant was negligent in constructing and maintaining the
sidewalk at the point of the accident more than five inches
below the level of the concrete sidewalk between inter-
secting streets.   (*Dennis* v. *Village of Elmira Heights,* 59

App. Div. 404; 88 App. Div. 617; 182 N. Y. 534; *Eagan* v. *City of Buffalo*, 105 Misc. Rep. 506; 188 App. Div. 953; 230 N. Y. 575; *Urquhart* v. *City of Ogdensburg*, 97 N. Y. 238; *Garrett* v. *City of Buffalo*, 7 N. Y. St. Repr. 96; *Clemence* v. *City of Auburn*, 66 N. Y. 334; *Durr* v. *N. Y. C. & H. R. R. R. Co.*, 184 N. Y. 320; *Corr* v. *City of New York*, 121 App. Div. 578; *Kelly* v. *City of New York*, 129 App. Div. 658; 197 N. Y. 543; *Smith* v. *Mayor*, 17 App. Div. 438; *Fordham* v. *Gouverneur Village*, 160 N. Y. 541; *Williams* v. *City of Brooklyn*, 33 App. Div. 539; *Bullock* v. *Mayor*, 99 N. Y. 654.)

*George A. Reilly, Corporation Counsel* (*Anthony De Stefano* of counsel), for respondent. The trial court did not err in granting the motion for a nonsuit and dismissal of the complaint. (*Watson* v. *City of Kingston*, 114 N. Y. 88; *Hesse* v. *New York*, 173 N. Y. Supp. 827; *Daley* v. *Rector of Trinity Church*, 188 App. Div. 280; *Dougherty* v. *Village of Horseheads*, 159 N. Y. 154; *McCloskey* v. *Buckley*, 223 N. Y. 187; *Fanroth* v. *Byrne*, 252 N. Y. 447; *Beltz* v. *City of Yonkers*, 148 N. Y. 67; *Hamilton* v. *City of Buffalo*, 173 N. Y. 72; *Terry* v. *Village of Perry*, 199 N. Y. 79; *Lalor* v. *City of New York*, 208 N. Y. 431; *Butler* v. *Village of Oxford*, 186 N. Y. 444; *Stakel* v. *City of Batavia*, 260 N. Y. 628.)

HUBBS, J. The city of Albany owned a plot of ground adjoining New Scotland avenue. On June 15, 1925, the defendant's council adopted an ordinance providing for the construction of an engine house on that parcel of land. The engine house was constructed and for the purpose of making an approach for the fire engine and trucks an opening was cut in the sidewalk which was practically level in front of the lot in question. From the engine house to the street a roadway was constructed. The top of that roadway was five inches below the level of the sidewalk and where the sidewalk ended on each side of the roadway a curb was placed which was flush

with the top of the sidewalk. The curb was placed in order to mark the outline of the driveway and to prevent the fire engines and trucks from going onto the sidewalk and crushing it. The change in the situation was made by the city for a city purpose in connection with the engine house.

The plaintiff, while walking along the sidewalk on the northerly side of the street, stepped off into the driveway leading to the engine house and suffered injuries. This action was brought to recover damages from the city for such injuries on the ground that the defendant had been negligent in constructing and maintaining the driveway across the sidewalk.

The trial court dismissed the complaint and the Appellate Division has unanimously affirmed the judgment of the trial court.

There is no evidence that the driveway was out of repair or that the construction was defective in any way. All of the cases cited by the appellant in which recoveries were permitted, growing out of defects in sidewalks, were cases where there had been some interference with the sidewalk which caused a dangerous condition or there had been some defect in the walk, such as a broken stone or a hole washed out or something of that kind.

The last case to reach this court involving a defect in a sidewalk was *Stakel* v. *City of Batavia* (260 N. Y. 628). In that case a flagstone had been removed and there was a depression in the walk where the stone had been taken out. The level of the ground where the stone had been removed was below the level of the sidewalk which remained. The plaintiff fell in that depression and was injured. This court, two judges dissenting, reversed the judgment of the Appellate Division and held that there could be no recovery. The feeling of the majority of the members of the court was that the defendant was not an insurer and that it could not be made

liable for slight depressions in the walk or for usual conditions.

The situation in this case is exactly the situation which exists at most of the crossings in the city of Albany. One starting to cross a road must step down from the curb into the roadway. The same condition also exists where there are alleyways, to enter which with vehicles necessitates the crossing of a sidewalk. In those entrances the top of the roadway is below the level of the sidewalk and the sides of the roadway are protected with curbs.

Appellant has not cited, and we have been unable to find, any cases where a recovery has been permitted under circumstances similar to those in the case at bar. In the case of *Daly* v. *Rector, etc., of Trinity Church* (188 App. Div. 280) the Appellate Division decided that a driveway constructed in the same manner as the one in question was not unlawfully constructed or maintained and that a judgment in favor of the plaintiff growing out of injuries should be reversed.

The case of *Heaney* v. *Colonial Filling Stations, Inc.* (262 Mass. 338) presents a situation exactly the same as the situation in the case at bar, excepting that the drop from the sidewalk to the bottom of the drive in that case was five and one-half inches. That court held that the condition was not a negligent condition, and that there could be no recovery for the injuries received.

This case does not present the question of a defective plan within the meaning of the case of *Urquhart* v. *City of Ogdensburg* (91 N. Y. 67; s. c., 97 N. Y. 238) as no evidence was offered by the defendant of the passage of a resolution as to the method of constructing the driveway.

The judgment should be affirmed, with costs.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and CROUCH, JJ., concur.

Judgment affirmed.