BEATRICE A. GRIFFIN, Respondent, *v.* TOWN OF HARRISON, Appellant.

WILLIAM F. GRIFFIN, Respondent, *v.* TOWN OF HARRISON, Appellant.

(Argued June 6, 1935; decided July 11, 1935.)

*Winfred C. Allen* for appellant. The sidewalk depression was of an insufficient depth to charge the defendant with negligence. (*Eger* v. *City of New York*, 206 App. Div. 718; 239 N. Y. 561; *Butler* v. *Village of Oxford*, 186 N. Y. 444; *Smith* v. *City of Albany*, 261 N. Y. 240; *Stakel* v. *City of Batavia*, 260 N. Y. 628; *Bryant* v. *Village of Potsdam*, 253 N. Y. 524; *Lalor* v. *City of New York*, 208 N. Y. 431; *Terry* v. *Village of Perry*, 199 N. Y. 79; *Gastel* v. *City of New York*, 194 N. Y. 15; *Moroney* v. *City of New York*, 190 N. Y. 560; *Hamilton* v. *City of Buffalo*, 173 N. Y. 72; *Beltz* v. *City of Yonkers*, 148 N. Y. 67; *DePledge* v. *City of New York*, 208 App. Div. 10.) Inasmuch as there was no sidewalk defect for which the defendant could be held liable, the defendant was under no duty to illuminate the sidewalk. (*Daly* v. *Rector of Trinity Church*, 188 App. Div. 280; *O'Rourke* v. *Mayor of City of New York*, 17 App. Div. 349; *Andrews* v. *City of Elmira*, 128 App. Div. 699; *Van Wie* v. *City of Mount*

*Vernon*, 26 App. Div. 330; *Eger* v. *City of New York*, 206 App. Div. 718; 239 N. Y. 561; *Vanderborg* v. *City of New York*, 158 App. Div. 297.)

*Sidney A. Clarkson* for respondents. The evidence presented questions of fact for the jury to determine. (*Fordham* v. *Gouverneur Village*, 160 N. Y. 541; *Terry* v. *Village of Perry*, 199 N. Y. 79; *Mullins* v. *Siegel-Cooper Co.*, 183 N. Y. 129; *Durr* v. *N. Y. C. & H. R. R. R. Co.*, 184 N. Y. 320; *Weis* v. *Long Island R. R. Co.*, 235 App. Div. 253; 262 N. Y. 352; *McFarlane* v. *City of Niagara Falls*, 247 N. Y. 340.)

O'BRIEN, J. The plaintiff Beatrice A. Griffin fell and was injured at the junction of a concrete sidewalk and the wooden planking of a railroad bridge in the town of Harrison. This location is part of a highway reserved for the use of pedestrians and in respect to it the town was under a duty of reasonably safe maintenance. The inequality was abrupt and had existed for three years. Its greatest variance was two and three-quarters inches. Such a condition is common in all the cities, towns and villages in the State and does not constitute negligent maintenance for which the municipality is liable in damages. (*Butler* v. *Village of Oxford*, 186 N. Y. 444; *Stakel* v. *City of Batavia*, 260 N. Y. 628; *Smith* v. *City of Albany*, 261 N. Y. 240.) The court charged without exception: " The attorney for the plaintiff, with commendable frankness, has said that he does not claim and his client does not claim that the mere variation between the concrete walk and the wooden walk is sufficient to entitle the plaintiff to recover anything here. His claim is that it is that condition coupled with the lighting conditions there which give rise to this cause of action. * * * Plaintiff's counsel concedes that, standing alone, the variation between the concrete and the wood walk, for such a situation as this, would not lead any ordinarily careful and reasonably prudent official to anticipate

that anybody would probably be hurt by it, but he says when you take that situation, coupled with the corrugated iron fence and the girder, that then a reasonably careful and prudent public official should have anticipated that somebody might be hurt."

At the time of plaintiff's injury, an evening in November between six and seven o'clock, the place was poorly lighted. A fence more than six feet in height cast a shadow over the spot where plaintiff fell. It is for this reason that the judgment for plaintiff at Trial Term was affirmed at the Appellate Division. That court held that the two and three-quarters inches abrupt elevation, " when coupled with the lack of adequate light at the place of the accident, created a dangerous condition which might cause an injury at night, and this the officers of the defendant should have anticipated." (243 App. Div. 571) The implications of this decision are most extensive. The judgment means that all the hundreds of thousands, perhaps millions, of miles of sidewalks in this State must be kept in such condition that, at night, no careful pedestrian can be injured. Such a rule closely approaches, if it does not include, the liability of an insurer, and conflicts with the principle announced in *Eger* v. *City of New York* (206 App. Div. 718; affd., 239 N. Y. 561). There the plaintiff stepped into a hole at ten-thirty o'clock at night. We held that it was error for the trial court to charge that if the hole was less than four inches deep but was *obscured by shadows* a question of fact as to the liability of the city was presented. The decisions of this court (*Fordham* v. *Gouverneur Village*, 160 N. Y. 541; *Mullins* v. *Siegel-Cooper Co.*, 183 N. Y. 129, and *Durr* v. *N. Y. C. & H. R. R. R. Co.*, 184 N. Y. 320) which are cited by the Appellate Division in support of the judgment at bar are not controlling. The *Fordham* case deals with a situation where, during the course of alteration of a bridge, the sidewalk was obstructed by a plank; the *Mullins* case, in which a private corporation rather than a municipality was defendant, deals with a situation

where the inequality in the sidewalk was due not to original construction, as in *Smith* v. *City of Albany* (*supra*) and the case at bar, but to breakage by independent contractors engaged in work for the abutting owner which work itself created the danger. As this court observed in the *Butler Case* (*supra*, p. 447): " It is a matter entitled to some consideration that the situation complained of was not the result of breakage or wear which had impaired the original condition of the walk, and which fact of itself sometimes quite strongly suggests the inference of negligence." The *Durr* case, like the *Mullins* case, concerns a private corporation and in it is involved not such a construction as would relieve a municipality from the charge of negligence but rather a depression extending under a plank and constituting a trap for pedestrians. Likewise, in *Moshier* v. *City of New York* (190 App. Div. 111) the hole was formed in such a way as to cause the plaintiff to catch her foot under the edge of a concrete pavement.

In each case the judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

CRANE, Ch. J., HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur; LEHMAN, J., dissents.

Judgments reversed, etc.