JOHN TILINSKY, an Infant, by ANGELA TILINSKY, as Guardian ad Litem, and ANGELA TILINSKY, Appellants, v. THE CITY OF NEW YORK and THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondents.— The infant plaintiff sues the city of New York and the board of education to recover damages for personal injuries; his mother, for loss of services and expenses. The injuries were sustained when a gate attached to a fence inclosing the property of the board of education and abutting the sidewalk fell on the infant while he was walking on the sidewalk. The court dismissed the complaint on the merits against both defendants. Judgment dismissing on the merits the mother's and infant's causes of action modified by striking out the provision as to the infant's cause of action and by inserting a provision that as to his cause of action against defendant the board of education of the city of New York the dismissal is " without prejudice to his commencement of a new action against that defendant, after service upon the Board of Education of a notice of intention to sue it," and as so modified the judgment is unanimously affirmed, without costs. Notice of intention to sue was served on the comptroller and the corporation counsel of the city of New York but not upon the board of education, as required by statute. (Laws of 1933, chap. 484.) Such failure is fatal to the infant's present cause of action against the board of education. (*Winter* v. *City of Niagara Falls*, 190 N. Y. 198.) The failure of a five-year old infant to serve the notice of intention to sue the board of education within six months after the cause of action accrued does not bar the infant's cause of action. (*Murphy* v. *Village of Fort Edward*, 213 N. Y. 397.) The provision of the statute that the action must be commenced within one year after the cause of action accrues is not in the nature of a Statute of Limitations, which runs during infancy. (*Russo* v. *City of New York*, 258 N. Y. 344.) Present — Hagarty, Davis, Johnston, Taylor and CLOSE, JJ.

JAMES E. WALKER, Respondent, v. THOMAS E. MURRAY, JR., as Receiver of INTERBOROUGH RAPID TRANSIT COMPANY, Appellant.— Plaintiff sues to recover damages for personal injuries sustained when he fell at the.second step from the bottom of a flight of stairs leading to the train level at defendant's subway station.— Judgment for plaintiff reversed on the law, with costs, and complaint dismissed, with costs. All the photographs, including plaintiff's Exhibit 1, show, without doubt, that the testimony adduced on the part of the plaintiff as to the condition of the stairway is incredible as matter of law. Hagarty, Davis, Johnston and Close, JJ., concur; Taylor, J., concurs for reversal on the law, but votes for a new trial.