## RAY v. CITY OF NEW YORK.
### No. 109.

Circuit Court of Appeals, Second Circuit.
Dec. 18, 1939.

Pearlman & Zarett, of New York City (Paul P. Rao and Philip Pearlman, both of New York City, of counsel), for appellant.

William C. Chanler, Corp. Counsel, of New York City (Paxton Blair, and Alfred T. White, both of New York City, of counsel), for appellee.

Before L. HAND, CHASE, and PATTERSON, Circuit Judges.

CHASE, Circuit Judge.

The plaintiff stepped into a depression caused by a break in the surface of the public sidewalk on West 116th Street in the City of New York; lost his balance; fell and was injured. He brought this suit in the District Court for the Southern District of New York to recover his damages for the injuries he then received. Federal jurisdiction based on diversity with the required amount involved is clear and undisputed. The court directed a verdict for the defendant which was returned and judgment thereon was duly entered. The plaintiff appealed.

The decisive question is whether or not the hole in the sidewalk was of such a character that, under the New York decisions, it was actionable negligence for the defendant to permit it to be and remain there. Some question was also raised as to the sufficiency of a notice of claim given by the plaintiff but we do not find it necessary to pass upon that.

The applicable law of New York has gradually been developed by the decisions of its highest court to the point that in order to prove the actionable negligence of a municipality in the maintenance of a public sidewalk which is allowed to get into disrepair from ordinary use because of holes in its surface, a plaintiff must establish by a fair preponderance of the evidence that the hole which caused the injury was deeper than one within the class of what may be called slight or inconsiderable depressions and one test of what is not too inconsequential to be the basis of actionable negligence seems to be whether or not the hole is more than five inches deep with the possible exception presently to be noticed. Parslow v. Town of Williamson, 266 N.Y. 438, 195 N.E. 144; Boyne v. City of Buffalo, 269 N.Y. 657, 200 N.E. 44; Stakel v. City of Batavia, 260 N.Y. 628, 184 N.E. 122; Smith v. City of Albany, 261 N.Y. 240, 185 N.E. 87; Butler v. Village of Oxford, 186 N.Y. 444, 79 N.E.

712; Hamilton v. City of Buffalo, 173 N. Y. 72. 65 N.E. 944; Beltz v. City of Yonkers, 148 N.Y. 67, 42 N.E. 401. This law of New York is what governs this cause of action in this court. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

The possible exception to the rather arbitrary rule of depth seems to be that if the hole is so shaped that a pedestrian's foot may be caught in it in such a way that force is required to get it out a fall caused by such a catching of the foot may be found due to the actionable negligence of the municipality having the duty to maintain the sidewalk. Moroney v. City of New York, 117 App.Div. 843, 97 N.Y.S. 642, 103 N.Y.S. 1135; affirmed 190 N.Y. 560, 83 N.E. 1128. Perhaps the latter decisions of the New York Court of Appeals show a tendency toward strictness which makes it somewhat doubtful whether such an exception to the general rule would now be recognized but, as we do not find that the last mentioned decision has been expressly overruled, we shall treat it as the controlling law.

The plaintiff proved that on November 25, 1937 he was on the sidewalk in front of premises known as 252 and 254 West 116th Street in New York City engaged with his brother in the work of collecting garbage. He had emptied a barrel of garbage into a truck in the street there and had started to carry the empty barrel on his shoulder back across the sidewalk. The growling of a dog behind him caused him to look back and just then he stepped into the depression in the sidewalk and fell to sustain the injuries for which he is seeking to recover damages in this suit.

The depth of the hole into which he stepped was the subject of considerable dispute. He was not consistent in his testimony about that. Upon examination before trial, he testified that it was about six inches deep and about one foot and a half long. When asked upon cross-examination to show what he meant by six inches, the witness indicated a distance which measured four and one-half inches. Another witness for the plaintiff testified that the hole was a couple of inches deep. The only other witness for the plaintiff who was examined on that subject was his brother who testified that the hole was about five inches deep.

The defendant introduced the testimony of an engineer in its employ who said he measured the depth of the hole after the accident and found it exactly one inch deep. He further testified that it was fifteen inches long; six inches wide at one end and three inches wide at the other. Another witness called by the defendant was the investigator for an insurance company who testified that early in November he went to the place where the accident occurred; measured the hole and found it one inch and half deep at its deepest point. He said it was caused by an irregular crack in the sidewalk about three feet long and having a width varying from two to three inches. A police officer testified that his regular patrol duty had taken him over the sidewalk where the crack was many times before the accident and that he was present when the ambulance came for the plaintiff after he was hurt. He testified the hole in the sidewalk which the plaintiff then pointed out to him as the one into which he had stepped was, as he remembered it, about an inch and a half deep.

This evidence, so uncertain as to the hole being as deep as five inches, was too insubstantial to carry the issue to the jury. The mere estimate of the plaintiff, uncorroborated by any of the other evidence and contradicted by most of it including that resulting from actual measurements, is not enough to create a preponderance of the evidence on that issue. McIntyre v. City of Pittsburgh, 238 Pa. 524, 86 A. 300. The inability of the plaintiff to estimate a distance of six inches accurately was somewhat demonstrated by his unsuccessful attempt to do that at his preliminary examination and the positive testimony of measurement in connection with all the other evidence left no real conflict on that subject to be submitted to the jury. Lalor v. City of New York, 208 N.Y. 431, 102 N. E. 558, Ann.Cas.1916E, 572; Pennsylvania R. Co. v. Chamberlain, 288 U.S. 333, 53 S. Ct. 391, 77 L.Ed. 819; Gunning v. Cooley, 281 U.S. 90, 50 S.Ct. 231, 74 L.Ed. 720.

The plaintiff's evidence to prove that his foot was caught and held in the hole into which he stepped was insufficient as a matter of law to take the case to the jury for the same reason. It consisted of his testimony that his foot was caught underneath the cement and that of his brother that it was under the cement sidewalk between that and the dirt so that he had to use force to get it out. Such testimony flies squarely in the face of the controlling evidence as to the depth of the hole. When

the width of the cement surface of the side-walk, whatever that may have been, is deducted from the maximum depth which can be given the hole upon the evidence in this case a situation is disclosed which makes it inherently impossible to credit the testimony that plaintiff's toe was caught between the dirt and the cement. Walker v. Murray, 255 App.Div. 815, 7 N.Y.S.2d 336, affirmed 280 N.Y. 709, 21 N.E.2d 209.

There was, accordingly, no issue of fact to be submitted to the jury and the direction of the verdict for the defendant was right.

Judgment affirmed.