S. E. STINNETT ET UX. V. CITY OF WACO.

No. A-76. · Decided May 10, 1944.
Rehearing overruled June 14, 1944.
(180 S. W. , 2nd Series, 433)

*W. L. Eason,* of Waco, for petitioners.

The Court of Civil Appeals erred in holding that the defendant city was entitled to a peremptory instruction, as the fact issue of actionable negligence was not raised by the evidence. Radley v. Knepfley, 104 Texas 130, 135 S. W. 111; Marshall v. San Jacinto Bldg., 67 S. W. (2d) 372; Hausman v. Badwey, 147 S. W. (2d) 856.

*Sleeper, Boynton, Darden & Burleson,* and *D. M. Wilson,* of Waco, for respondent.

There was no evidence of negligence nor of proximate cause against the city of Waco. Batts v. City of Nashville, 123 S. W. (2d) 1099.; Hamilton v. City of Buffalo, 173 N. Y. 72, 65 N. E. 944; Sterling v. Community Natural Gas Co., 105 S. W. (2d) 776.

MR. JUDGE SLATTON of the Commission of Appeals delivered the opinion.

The petitioner recovered a judgemnt against the respondent for injuries sustained as the result of an accident alleged to have to have been caused by the defective condition of a sidewalk in the City of Waco. A jury trial resulted in a special issue verdict in favor of the petitioner. The Court of Civil Appeals at Waco reversed the judgment of the trial court and rendered judgment in favor of the City of Waco, 177 S.W. (2d) 323.

The facts shown by the record will be stated favorably to the petitioner. The acccident happened on the south side of a concrete sidewalk which is about four feet wide. The adjoining cement blocks were not flush. One of the concrete blocks in the sidewalk had either raised on the south side of the walk to an elevation of one and three-fourths inches above the adjoining block or the adjoining block had lowered to a depth of one and three-fourths inches from its adjoining block. From the point where the defect in elevation of one and three-fourths inches of the adjoining concrete blocks existed the elevation diminished to the outer or north edge of the sidewalk gradually to where the blocks were almost on a level at the outer edge of the sidewalk. The sidewalk was in a residential section but was greatly used. The petitioner while walking on the sidewalk caught the heel of her shoe on the elevated edge of the concrete block which caused her to fall and sustain serious personal injuries. The accident happened on a bright sunshiny day. The petitioner had used the walk on several occasions before the accident but had not

noticed the particular defect in the sidewalk. The defect had existed for a period of more than one year and was probably caused by the growth of roots underneath the sidewalk.

The controlling question presented by this appeal is whether the trial court erred in submitting the case to the jury. The City's contention was properly urged through its motion for a directed verdict in its favor.

■ The liability of a municipality to keep its sidewalks in a reasonably safe condition for use may be said to be well settled but a municipality is not an insurer of the safety of its sidewalks. In the case of City of Galveston v. Dazet, 19 S. W. 142, it was ruled with reference to a street that the City was not liable for every defect "and it is only where the defect is such that a reasonably prudent man would not permit it to continue, because likely to produce hurt, that liability exists." Obviously the same rule is applicable to a sidewalk that is applied to a street.

Does the application of the rule stated when applied to the facts in this case present issues of fact to be decided by the jury or an issue of law to be decided by the trial court?

■ The depth or height of a defect in a sidewalk cannot alone be the test of whether or not the municipality is guilty of negligence in allowing the defect to continue. Nor can a general rule be laid down that will properly fit all cases. Each case must be considered under its own peculiar facts. In a large number of cases defects like the one proved here and under the same or similar circumstances have been held as a matter of law not to be such defects as would charge the municipality with negligent upkeep of its streets or walks. See cases collected in 43 L. R. A. (N. S.) p. 1158 and 43 C. J. p. 1010. Another collection of cases may be found in 119 A. L. R. at page 161 et seq., where the annotator is concerned with the degree of inequality in sidewalks which makes question for jury or for court, as to a municipality's liability.

We conclude upon reason and authority that the better view is that under the facts of the present case the question for the trial court was one of law and that the minds of reasonable men may not differ about whether an accident, such as the one proved here, ought to have been anticipated by the municipality. To hold that the facts do not raise an inference of negligence on the failure of the city to keep its walks in a reasonably same condition is necessary under the rulings made by this Court in the Dazet case, supra.

Moreover to hold that negligent upkeep of a sidewalk may be reasonably inferred from the facts proved would in our opinion place an unjust burden upon a municipality and would in practice amount to a holding that a municipality is an insurer of the safety of its sidewalks. The rule is otherwise in this state, Houston Belt & Terminal Co. v. Scheppelman, 235 S. W. 206.

We are of the opinion that the Honorable Court of Civil Appeals properly reversed the judgment of the trial court in favor of petitioner and rendered judgment in favor of the City. The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court May 10, 1944.

Rehearing overruled June 19, 1944.