JOSEPHINE HALL et al., Appellants, v. TRIBORO COACH CORPORATION et al., Respondents.— Action by plaintiff wife to recover damages for personal injuries suffered when, it is alleged, she stepped into a hole in the roadway while alighting from a bus; and by her husband for expenses and loss of services. The jury returned a verdict in favor of plaintiffs which, upon motions by the defendants, was set aside. Insofar as the judgment is in favor of defendant City of New York, it is unanimously affirmed, with costs. Insofar as the judgment is in favor of defendant Triboro Coach Corporation, it is modified on the facts by striking out the decretal paragraph which provides for dismissal of the com-

plaint as against that defendant and for costs, and inserting in place thereof a provision setting aside the verdict as against it and granting a new trial as to that defendant. As thus modified, the judgment is affirmed, with costs to abide the event. The dismissal of the complaint against defendant City of New York was correct, in as much as there was no proof of notice of the specific defect in the roadway described in the testimony of plaintiff wife. The verdict in favor of plaintiffs and against defendant Triboro Coach Corporation is against the weight of the evidence. A question of fact as to the negligence of the defendant bus company was presented by the testimony of plaintiff wife to the effect that the bus stopped in such a position that the exit door was near a deep hole in the roadway; but the verdict importing that such a hole existed in the roadway is against the weight of the evidence. Lewis, P. J., Carswell, Johnston and Adel, JJ., concur; Sneed, J., concurs for affirmance as to defendant city of New York, but dissents as to modification with respect to defendant Triboro Coach Corporation and votes to affirm without modification, with the following memorandum: The positive proof by the photographs of the pavement at the place of the alleged accident, taken seven days after the accident and testified by the injured appellant to be correct representations of that place, together with the other evidence, destroy the probative value of the indefinite and conjectural testimony of plaintiffs and leave no conflict upon the subject of the existence of the claimed defect in the pavement for determination by a jury. (*Lalor* v. *City of New York*, 208 N. Y. 431; *Walker* v. *Murray*, 255 App. Div. 815, affd. 280 N. Y. 709; *Ray* v. *City of New York*, 108 F. 2d 170.)