**CITY OF SAN ANTONIO, Appellant,**

v.

**Olive J. CHABOT, Appellee.**

**No. 13384.**

Court of Civil Appeals of Texas.

San Antonio.

Nov. 12, 1958.

Rehearing Denied Dec. 10, 1958.

Carlos C. Cadena, City Atty., Crawford B. Reeder, Asst. City Atty., San Antonio, for appellant.

Franklin Spears, San Antonio, for appellee.

POPE, Justice.

Plaintiff, Olive J. Chabot, recovered judgment for $3,500 against defendant, City of San Antonio, upon a jury verdict, for personal injuries she sustained when she stepped into a hole in a sidewalk in downtown San Antonio, and fell to the sidewalk with great force and violence. The jury found that the hole was a defective condition, which term was defined to mean "such a condition as an ordinary prudent person in the exercise of ordinary care would not permit to exist because it is likely to produce harm." The jury found that City had

knowledge of the defect, that its failure to remedy the defect was negligence and a proximate cause, that plaintiff did not fail to keep a proper lookout, that the defective condition was not open and obvious, and that the accident was not the result of an unavoidable accident. City appeals upon the points that the trial court should have sustained its motions for instructed verdict and for judgment notwithstanding the verdict. City claims, as a matter of law, that it had no duty to remedy the defective condition which was trivial and inconsequential.

Plaintiff, on a clear day, while walking in a southerly direction along the west side of Losoya Street in downtown San Antonio, at about four o'clock in the afternoon of October 1, 1956, stepped into a small hole in the concrete sidewalk. Actual measurements showed that the hole was fifteen-sixteenths of an inch deep when the dirt was cleaned from the hole. Plaintiff testified that the hole was filled with loose dust and debris when she fell. The area around the hole was cracked in a jigsaw fashion. She testified that she did not see the hole because it was obscured by shadows and filled with dirt.

Plaintiff claims that she stepped with her left foot into the hole which was just large enough to hold the heel of her shoe. She was wearing oxfords with heels which were "not too high nor too low." She testified: "I mean my heel went down in the hole and apparently fitted into it enough to stay there until I was thrown with such violence that it pulled out." She suffered injuries to her hip which kept her bedfast several months. Plaintiff is sixty-nine years old, and at the time of this incident she carried a cane because of a former hip injury which had satisfactorily mended, but she wore a small tap on her left heel to compensate for a slight limp.

City urges that the hole was so small and trivial that it imposed no duty upon the City as a matter of law. The sidewalk on which plaintiff was walking was built in slabs with expansion joints. As plaintiff walked south she approached the hole which was on her side of an expansion joint. The concrete had disintegrated and crumbled out, forming a triangular shaped hole. The apex of the triangle was toward the plaintiff. A photograph with a ruler beside the hole shows that the distance from the apex to the base was about six inches. Near the apex, the triangle was about one inch wide, and at the base it was about four inches wide. Even when all the dirt was cleaned from the hole, it was less than one inch deep at its deepest point. City has inspectors whose duties are to maintain and repair sidewalks. The cost of replacing the sidewalk was about seventy-five cents per square foot, and for replacing the whole slab in which the defect existed the cost would be about thirty dollars. Thousands of such small defects exist in the City's downtown sidewalks. On at least two previous occasions during a twenty-two-year span, two other persons had fallen at the same place, and on at least one occasion, eleven years earlier, the City was notified about the hole.

■ A municipality is required to exercise ordinary care in constructing reasonably safe sidewalks and streets and in maintaining them. Stinnett v. City of Waco, 142 Tex. 648, 180 S.W.2d 433; City of Galveston v. Dazet, Tex., 19 S.W. 142. In applying the rule courts must first determine whether or not, as a matter of law, a defect is so trivial as to impose no duty upon a city. If the court determines that the defect is not so trivial, there remains a jury question on the issue of the city's negligence. In both instances the basic problem is the same, whether the city exercised ordinary care, but in the one, the court determines the problem as a matter of law; in the other, the court leaves the decision to the jury. Our problem is whether the instant defect was so trivial that it ought to have been decided as a matter of law.

■ This branch of the law has developed some nice refinements. Cases distinguish elevations from depressions;

other cases distinguish defects at an expansion joint or elsewhere, and others discuss whether the complainant tripped or was "caught" in the defect. New York courts require strict proof of the seriousness of the defect before they will submit a case to the jury, and many States have followed this practice. 37 A.L.R.2d 1187, 1200. In Stinnett v. City of Waco, supra, a sidewalk block was broken and elevated one and three-fourths inches. Plaintiff "caught" her heel on the broken block. The defect was on a heavily-traveled residential sidewalk. The Supreme Court approved a judgment which held that the defect was a trivial one. Many factors must be considered in passing upon a city's duty with regard to sidewalk and street defects, and we recognize that the facts in Stinnett v. City of Waco, may be distinguished from those in this case. However, that case did set the course for and settle the law of Texas. Texas does not impose a duty upon a municipality to repair every defect, nor trivial defects in streets and sidewalks, for such a duty would impose onerous burdens upon cities with thousands of miles of such improvements. Stinnett v. City of Waco, supra; Houston Belt & Terminal R. Co. v. Scheppelman, Tex.Com.App., 235 S.W. 206. In Stinnett v. City of Waco, the Supreme Court held, as a matter of law, that the defect imposed no duty upon the city. The Court of Civil Appeals, in support of its same result relied upon cases from New York and those States which follow the New York rule. The Supreme Court cited an annotation of cases from numerous jurisdictions which follow the same rule. 119 A.L.R. 161, 163, et seq. See also, 37 A.L.R.2d 1187, 1200; 19 McQuillan, Municipal Corporations, § 54.204 (3rd Ed.).

■ While a defect is not necessarily trivial because it is small, nevertheless, the size of the defect is perhaps the most important element, and in this case it was small. Plaintiff urges that there is a difference between an elevation and a hole in which one's foot is "caught." But whether a foot is "caught" is often itself a matter of degree. Most people who stumble over an elevation or in a depression do so because a foot is momentarily stayed or "caught", resulting in an imbalance. In the Stinnett case the plaintiff caught the heel of her shoe on the edge of a concrete block. In City of Galveston v. Dazet, 19 S.W. 142, 143, plaintiff was driving a two-wheel cart when one wheel was caught by a metal surveyor's monument which projected one and one-fourth inches above the ground. Though the cart was caught and pulled to pieces, this was considered a trivial defect in the street, as a matter of law. See Barrett v. City of Claremont, 41 Cal.2d 70, 256 P.2d 977; Ray v. City of New York, 2 Cir., 108 F.2d 170; Grubman v. City of New York, Mun.Ct.N.Y., 27 N.Y.S.2d 757; Davis v. Potter, 340 Pa. 485, 17 A.2d 338.

■ It is common knowledge that sidewalks contain minor defects and also that the weather and elements cause slabs to shift, expand and contract. It is for that reason that concrete is laid in slabs. Such movements caused by the seasons, the weather and the soil make holes and crevices which vary in size. Sizes of shoes and heels vary, as do the sizes of small openings on sidewalks. Small holes and depressions ordinarily exist on all heavily traveled sidewalks and streets. Somewhere in most cities there is a hole that will just fit the heel of every shoe, whether it be a spike or a boot heel. We refuse to write a rule which will lay liable a municipality because its streets or sidewalks somewhere contain a depression less than one inch deep, which somebody's shoe heel will fit. In our opinion, there was no duty upon the City to repair such minor defects.

The judgment for plaintiff is reversed and judgment here rendered for the City of San Antonio.