■ ELIZABETH BRAITHWAITE, Appellant, v. GRAND UNION COMPANY, Respondent.— In an action to recover damages for personal injury sustained as a result of a fall on a snow-and-ice-covered rut in a sidewalk which was used as part of an exit driveway from defendant's parking lot, the plaintiff appeals: (1) from an order of the Supreme Court, Westchester County, made May 7, 1963 after trial, which granted the defendant's motion for a directed verdict and dismissed the complaint, after the jury had failed to agree upon a verdict; and (2) from the judgment of said court entered May 14, 1963 in the defendant's favor pursuant to said order. Appeal from order of May 7, 1963 dismissed, without costs; no such order is printed in the record on appeal. Judgment reversed on the law and a new trial ordered, with costs to plaintiff to abide the event. No questions of fact have been considered. In our opinion, the question of defendant's negligence was for the jury. An abutting owner may become liable for injury to a pedestrian caused by a defect in the sidewalk where he has created the defective condition or where the manner in which the sidewalk was used for his own business or special purpose has produced the defective condition (*Wylie* v. *City of New York*, 286 App. Div. 720, 722; *Joel* v. *Electrical Research Prods.*, 94 F. 2d 588; *Weiser* v. *City of New York*, 5 A D 2d 702). Beldock, P. J., Ughetta, Kleinfeld, Hill and Rabin, JJ., concur.