Scileppi, J.
(dissenting). A volunteeer ambulance attendant should not be afforded the status of an invitee. A policeman or fireman is denied the status of an invitee because he goes upon the owner’s premises in an emergency situation and he is often required to go into unusual parts of the premises in the exercise of his duty. An ambulance attendant also enters the premises of the owner in an emergency situation. This is certainly the case here. The fact that the ambulance driver is almost always summoned to the premises while a policeman or a fireman often enters the premises unsummoned does not, in our opinion, confer a more favorable status upon an ambulance attendant than is conferred on a policeman or fireman. Policemen or firemen are sui generis whether or not they are summoned to the premises (Beedenbender v. Midtown Props., *977 4 A D 2d 276; Ann. Duty and Liability of Owners or Occupants of Premises to Fireman or Policeman Coming Thereon in Discharge of His Duty, 86 ALR 2d 1205 [1962]; see, also, Meiers v. Koch Brewery, 229 N. Y. 10; Jenkins v. 313-321 W. 37th St. Corp., 284 N. Y. 397).
Accepting for the sake of argument that an ambulance driver is an invitee, the order of the Appellate Division should still be affirmed. The plaintiff drove his car onto the asphalt parking lot and parked it at the edge of the lot alongside the lip. He stepped from his car directly onto the lawn without stepping over the curb or observing it. On his return, the ambulance attendant tripped over the asphalt lip, while carrying the stretcher bearing the stricken pastor, backwards across the lawn. Certainly, circumstances such as these are unique and could not reasonably be foreseen. This is especially so where a pathway provided easy access to the rectory. Furthermore, it is extremely doubtful if the defendant’s failure to trim the grass along the lip of the asphalt pavement was the proximate cause of the plaintiff’s accident. Since the plaintiff was walking backwards, he would not have seen the curb even if the grass was trimmed. Lastly, in our opinion, it cannot be said that a 1% to 21/2-inch lip on the blacktop side of the parking lot, which is commonly installed along the edges of blacktop pavements, is a dangerous condition (Heeney v. Topping, 18 A D 2d 618, affd. 13 N Y 2d 1049; Clemmons v. Cominskey, 1 A D 2d 933, affd. 2 N Y 2d 958; cf. Fox v. Brown, 20 A D 2d 538, affd. 15 N Y 2d 597; Lynch v. City of Beacon, 269 App. Div. 757, affd. 295 N. Y. 872; Dowd v. City of Buffalo, 290 N. Y. 895; Griffin v. Town of Harrison, 268 N. Y. 238; Bryant v. Village of Potsdam, 253 N.Y. 524).
Accordingly, we would affirm the order of the Appellate Division.
Order reversed, etc.