**Leonard S. LEVITT et ux., Appellants,**

**v.**

**CITY OF EL PASO, Appellee.**

**No. 5916.**

Court of Civil Appeals of Texas.

El Paso.

Dec. 6, 1967.

Rehearing Denied Jan. 10, 1968.

Rey & Rey, El Paso, for appellants.

Travis White, City Atty., Wade Atkins, Asst. City Atty., El Paso, for appellee.

## OPINION

CLAYTON, Justice.

This is a personal injury suit filed by Leonard S. Levitt, individually and as next friend of his wife, Barbara Levitt, appellants here, for damages for personal injuries of the wife who caught her heel in a sidewalk in the City of El Paso, Texas, causing her to fall to the sidewalk. The petition alleged negligence on the part of the City, appellee here, in not repairing the condition of the sidewalk, which condition it knew or should have known had existed for some time. The City answered by general denial, absence of negligence on the part of the City, and negligence on the part of the wife in failing to keep a proper lookout, and open and obvious and unavoidable accident. Trial was to a jury, but at the termination of plaintiffs' testimony, upon motion of the City, an instructed verdict was rendered in favor of the City and judgment for defendant, based on such verdict, was entered.

Appellants present a sole point of error, directed at the instructed verdict and judgment thereon on the basis that the City had no duty to repair the defect complained of by plaintiffs and no evidence showing negligence on the part of the City.

We affirm this judgment.

Appellants present two citations: City of Houston v. Watson, 376 S.W.2d 23 (Tex. Civ.App., 1964; ref., n. r. e.), in which he stated it was held that:

"* * * under evidence the City was under duty to use ordinary care and to make reasonable inspection which would have disclosed disintegration of temporary asphalt repairs and a dangerous situation could have been remedied prior to the accident.

"To render a city liable for injuries resulting from defect in street, the City must have actual or constructive notice of defect. City with knowledge of hole in street had a duty to repair it if it was deep enough to endanger the safety of those using street.

"The Appellant would show the Court that there was sufficient evidence to show that the defects were not minor or trivial in nature, but that it was a dangerous condition existing, and said condition was known to the Appellee and its agents."

The City replies:

"In the Watson case a boy riding a motor scooter was thrown when he hit a hole in the vehicular driveway. The hole was 'variously estimated to be a depth approximately 3 inches to 6 to 8 inches, and width ranging from 3 to 5 feet across the street and from $1\frac{1}{2}$ to several feet parallel thereto.' (376 S.W.2d 27, near top of right column.) The hole was reported to the City about two months before the accident, and the City did a temporary, emergency repair job, using cold asphalt mix. The paving was concrete and the City knew that the cold mix would not stand up; the intent was to notify the 'permanent paving division' so that it could follow with the necessary concrete repair work. (P. 27, paragraph in middle of right column.) The temporary repair 'broke down, washed out and disintegrated,' so that the hole was again in about the same condition as when the temporary repair was made. (P. 28, first

paragraph beginning on left column.) This was reported to the City about a week before the accident (P. 28, second paragraph beginning on left column) but still the repairs were not made. There is no similarity between our case and this Houston case, in which there was evidence that the hole was as much as 8 inches deep, 'several' feet wide, and 5 feet long, and in the path of a motor scooter."

In the instant case the injured wife testified to the following with reference to the hole in which she caught her heel:

"Q I believe you told us before that it was just a heel size, about an inch in diameter?

A A little more. What did I say, a quarter or a fifty cent piece, something like that.

Q You said about the size of a quarter?

A Something like that.

Q And it was about a half inch to an inch deep, just enough to catch your heel or something like that?

A That's right."

The second case cited by appellants was City of San Antonio v. Chabot, 318 S.W.2d 485, 486, 487 (Tex.Civ.App., 1958; ref., n. r. e.). There, the facts were:

" * * * The sidewalk on which plaintiff was walking was built in slabs with expansion joints. As plaintiff walked south she approached the hole which was on her side of an expansion joint. The concrete had disintegrated and crumbled out, forming a triangular shaped hole. The apex of the triangle was toward the plaintiff. A photograph with a ruler beside the hole shows that the distance from the apex to the base was about six inches. Near the apex, the triangle was about one inch wide, and at the base it was about four inches wide. Even when all the dirt was cleaned from

the hole, it was less than one inch deep at its deepest point."

* * * * * *

" * * * Actual measurements showed that the hole was fifteen-sixteenths of an inch deep when the dirt was cleaned from the hole. Plaintiff testified that the hole was filled with loose dust and debris when she fell. The area around the hole was cracked in a jigsaw fashion."

* * * * * *

" * * * She testified: 'I mean my heel went down in the hole and apparently fitted into it enough to stay there until I was thrown with such violence that it pulled out.' "

Neither of the cited cases compare with the case before us on the triviality of the facts. In the Chabot case the trial court gave a judgment for the plaintiff, based on a jury verdict. The Court of Civil Appeals reversed and rendered judgment for the City, saying:

"A municipality is required to exercise ordinary care in constructing reasonably safe sidewalks and streets and in maintaining them. * * * In applying the rule courts must first determine whether or not, as a matter of law, a defect is so trivial as to impose no duty upon a city. If the court determines the defect is not so trivial, there remains a jury question on the issue of the city's negligence. In both instances the basic problem is the same, whether the city exercised ordinary care, but in the one, the court determines the problem as a matter of law; in the other, the court leaves the decision to the jury. Our problem is whether the instant defect was so trivial that it ought to have been decided as a matter of law."

* * * * * *

" * * * Texas does not impose a duty upon a municipality to repair every defect, nor trivial defects in streets and sidewalks, for such a duty would impose

onerous burdens upon cities with thousands of miles of such improvements. * * *

"While a defect is not necessarily trivial because it is small, nevertheless, the size of the defect is perhaps the most important element, and in this case it was small. Plaintiff urges that there is a difference between an elevation and a hole in which one's foot is 'caught.' But whether a foot is 'caught' is often itself a matter of degree. Most people who stumble over an elevation or in a depression do so because a foot is momentarily stayed or 'caught', resulting in an imbalance. * * *

"It is common knowledge that sidewalks contain minor defects and also that the weather and elements cause slabs to shift, expand and contract. It is for that reason that concrete is laid in slabs. Such movements caused by the seasons, the weather and the soil make holes and crevices which vary in size. Sizes of shoes and heels vary, as do the sizes of small openings on sidewalks. Small holes and depressions ordinarily exist on all heavily traveled sidewalks and streets. Somewhere in most cities there is a hole that will just fit the heel of every shoe, whether it be a spike or a boot heel. We refuse to write a rule which will lay liable a municipality because its streets or sidewalks somewhere contain a depression less than one inch deep, which somebody's shoe heel will fit. In our opinion, there was no duty upon the City to repair such minor defects."

In addition to the appellee's claimed triviality of the defect in the sidewalk in the present case, appellee also points out the absence of any evidence of actual or constructive notice to the City of the existence of such defect. We are cited to the recent case of Hutson v. City of Houston, 418 S. W.2d 911 (Tex.Civ.App., 1967; Ref. N. R. E.), which holds on page 914:

"* * * There is no showing as to the length of time the condition existed or might have existed. There is no showing as to who or what caused or might have caused the condition. There is no testimony of any previous incidents or accidents at the location of the street and no evidence to indicate that the City had been informed in any way or had any knowledge whatsoever of the condition. The only testimony on this subject was contained in the answer to an interrogatory which was to the effect that the condition on the street was 'good as far as known to the defendant' and that the defendant had no knowledge of the street being under repair at the time.

"The record is likewise devoid of any testimony that would impute implied or constructive notice to the defendant. The record is silent on how long the condition existed or might have existed and there is no indication in the record that those charged with the supervision and superintendence of the street could, by the exercise of reasonable care and diligence, have known of the defective condition. 40 Tex.Jur.2d pp. 328–331, §§ 639, 640.

"As the plaintiff did not meet the fundamental burden of proof, the directed verdict as requested by the defendant in his motion after plaintiff rested, was proper."

From the foregoing discussion and authorities we have come to the above-stated conclusion that the judgment of the trial court was proper and justified and we accordingly affirm the same.

Affirmed.