(January 17, 1989)

■ CLARE AZZARA et al., Appellants, v FRANK REVELLESE et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Rubenfeld, J.), entered April 17, 1987, which, upon a jury verdict, is in favor of the defendants.

Ordered that the judgment is affirmed, with costs.

While walking on a sidewalk in front of a home owned by the defendants Frank and Kathleen Revellese, the plaintiff Clare Azzara stepped down onto the Revellese's driveway and

fell. By her own admission, she was not watching where she was walking and did not see the four-inch height difference between the light-colored sidewalk and dark-colored driveway. She testified that the difference in height between the sidewalk and driveway caused her to fall. The plaintiffs did not offer evidence to show that either the driveway or sidewalk was defective or not maintained in a safe condition.

The plaintiffs challenge as erroneous the following portion of the court's instruction to the jury: "If you find [the accident] was solely one hundred percent due to the difference in height [between the driveway and sidewalk] alone, then you must find for the defendants". We disagree. The plaintiffs elicited no evidence to show that the accident was due to negligence by the defendants. While it is true that an abutting landowner will be responsible for injuries occurring on a sidewalk which he puts to special use *(see, D'Ambrosio v City of New York,* 55 NY2d 454, 462), such as a driveway, the plaintiff must prove that a defective condition existed *(see, Griffin v Town of Harrison,* 268 NY 238; *Smith v City of Albany,* 261 NY 240). Since the plaintiffs failed to make such a showing, the court was correct in charging the jury as it did.

The plaintiffs also argue that certain cross-examination of Mr. Azzara by the defendant city's attorney was unduly prejudicial and irrelevant. It is clear that the cross-examination in question was designed to impeach the witness's credibility. Nor was the cross-examination unduly prejudicial. Thus, the trial court was correct in refusing to grant a mistrial. Mollen, P. J., Bracken, Sullivan and Harwood, JJ., concur.