■ ADA DEANS et al., Appellants, v CITY OF BUFFALO et al., Respondents.—Order modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly granted summary judgment to the City of Buffalo dismissing plaintiffs' complaint. The City came forward with proof in admissible form to establish that no prior written notice of a defective condition of the sidewalk abutting 60 Montana Ave. was filed with the City Clerk, as required by section 362 of the Buffalo City Charter. Plaintiffs failed to come forward with proof in admissible form to raise a question of fact on that issue. Moreover, the fact that the City might have had actual or constructive notice of the defect is not a substitute for compliance with the statute (see, Drzewiecki v City of Buffalo, 51 AD2d 870).

Supreme Court erred, however, by granting summary judgment in favor of defendant Thomas, the abutting landowner. While it is generally true that an owner of land abutting a public sidewalk owes no duty to the public to keep the sidewalk in good repair, an exception exists where the abutting owner uses the sidewalk for a special purpose (see, Little v City of Albany, 169 AD2d 1013; Sheehan v Rubenstein, 154 AD2d 663, 664; Surowiec v City of New York, 139 AD2d 727, 728). Plaintiffs presented evidence that Thomas's blacktopped driveway extended over the public sidewalk and was at a lower level than the concrete sidewalk. Plaintiff Ada testified that her fall was caused by the difference in elevation between the concrete public sidewalk and the blacktop, which encroached upon the public sidewalk. A driveway has been held to constitute a special use of the sidewalk, which imposes upon the landowner the duty to maintain that portion of the sidewalk (see, Azzara v Revellese, 146 AD2d 592, 593, lv denied 75 NY2d 701; Cole v City of Albany, 80 AD2d 656; Braithwaite v Grand Union Co., 22 AD2d 941; see also, Little v City of Albany, supra, at 1014). In our view, the evidence presented by plaintiffs was sufficient to raise a triable issue of fact concerning whether a special use existed.

All concur, except Boomer, J. P., and Lawton, J., who dissent in part and vote to affirm in the following Memorandum.

Boomer, J. P., and Lawton, J. (dissenting in part). We respectfully dissent in part. Supreme Court properly granted summary judgment in favor of defendant Thomas, the abut-

ting landowner. In her motion for summary judgment, the abutting landowner presented the transcript of the examination before trial of plaintiff wife. Plaintiff wife identified a photograph showing the sidewalk in the area where she fell and indicated, by marking the photograph, that she fell at a location where one flag of the sidewalk was raised above the adjoining flag. She testified that she hit her foot on the raised flag and fell.

The majority erroneously assumes that the driveway crossed the sidewalk at the location of the fall. As the photographs show, that is not so. The location of the fall was beyond the area where the driveway is located, and it would have been impossible for a car using the driveway to cross over the sidewalk at the point of the fall because of a fence that ran along the sidewalk to the edge of the driveway.

Plaintiff wife's affidavit in opposition to the motion does not dispute her testimony at the examination before trial concerning the location of her fall. Attached to her affidavit are photographs showing the spot, marked with an X, where she fell. These photographs clearly show that the location of the fall was not in the driveway but in an area beyond the driveway and adjacent to the fence. (Appeal from Order of Supreme Court, Erie County, Rath, Jr., J.— Summary Judgment.) Present—Boomer, J. P., Pine, Lawton, Davis and Doerr, JJ.