■ PATRICIA I. REID et al., Appellants, v AUTO TUNE CENTERS, INC., Respondent. [609 NYS2d 715] —Order unanimously affirmed with costs. Memorandum: Plaintiff Patricia I. Reid alleges that she sustained injuries when she slipped on an icy public sidewalk at a point where it crossed defendant's driveway. Abutting landowners or users are not liable for the condition of the public sidewalk unless the abutting landowners or users use the sidewalk for a special purpose that results in plaintiff's injury *(see, D'Ambrosio v City of New York,* 55 NY2d 454, 462; *Kormanyos v Champlain Val. Fed. Sav. & Loan Assn.,* 182 AD2d 1036, 1038; *Schiavone v Palumbo,* 177 AD2d 1045, 1046; *Little v City of Albany,* 169 AD2d 1013). Defendant submitted evidence that the public sidewalk, as it crossed defendant's driveway, was not constructed in any special manner for defendant's benefit, nor was the injury caused by any special use to which defendant put the sidewalk. Plaintiffs, on the other hand, failed to submit evidence to raise an issue of fact requiring a trial. Plaintiffs' reliance on our decision in *Deans v City of Buffalo* (181 AD2d 1015) is misplaced. In *Deans (supra),* defendant's motion for summary judgment was denied because plaintiff submitted evidence that defendant had blacktopped his driveway over the public sidewalk, creating a difference in elevation between the blacktop and the concrete public sidewalk that allegedly caused plaintiff's injury *(see also, Azzara v Revellese,* 146 AD2d 592, *lv*

*denied* 75 NY2d 701). No such evidence was submitted here. (Appeal from Order of Supreme Court, Erie County, Mintz, J. —Summary Judgment.) Present—Balio, J. P., Lawton, Doerr, Davis and Boehm, JJ.