■ CATHERINE BUSONE et al., Appellants, v MARINE MIDLAND BANKS, INC., Respondent. [617 NYS2d 980] —Mikoll, J. Appeal from an order of the Supreme Court (Canfield, J.), entered November 9, 1993 in Rensselaer County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiffs commenced the instant negligence action alleging that on March 1, 1992 at about 1:00 P.M. plaintiff Catherine Busone sustained injuries and damages when she alighted from her automobile, parked in the parking lot of defendant's bank, and stepped into a pothole at the end of the parking lot area bordering on an alley known as William Street in the City of Troy, Rensselaer County. The pothole is approximately 32 inches in width and three inches in depth. There is a sheer drop of 2½ inches along the west edge of the pothole. Defendant denied ownership of the parking lot and subsequently moved for summary judgment claiming that the action has no merit and that it is not a proper party.

Plaintiffs' theory of liability is that the last time the parking lot was paved, the lot was extended past the east property line into the William Street right-of-way, and that the pothole is located within the paved parking lot and not within the paved portion of William Street, even though it is technically within the right-of-way of William Street. Plaintiffs produced the affidavit of an engineer who stated therein that he had examined the pothole in question and determined its location within the right-of-way of William Street. He concluded that the paved asphalt parking lot surface was extended at its last paving onto the right-of-way of William Street but not onto the paved area of William Street. He based this conclusion on the lack of any longitudinal joint lines of the asphalt surface that would indicate separate paving operations, and he observed that the age, condition, color and texture of the asphalt surface was consistent with this theory. Plaintiffs' engineer further opined that "[t]he pothole developed because at the time of the parking lot paving, the asphalt was actually extended over the east property line and carelessly over the curb stone that marked the west edge of the paved area of William Street. As such, the asphalt did not have sufficient depth to hold its position over the curb and eventually cracked off causing the pothole to form." He also concluded

that "the dangerous condition was created at the time [defendant's] parking lot was last paved".

Defendant presented the affidavit of its property manager who stated that he reviewed the bank's records and found no documents to indicate that it ever owned, managed, supervised, controlled, repaired, repaved or maintained in any fashion any portion of the alleyway adjacent to its parking lot, more commonly known as William Street. Defendant also produced the affidavit of a surveyor to establish that the pothole was not located on any property owned by defendant.

Supreme Court found that defendant established its defense of nonownership of the property in dispute by evidentiary proof in admissible form and was entitled to summary judgment as a matter of law. The court also ruled that plaintiffs failed to produce any evidentiary proof to establish that a material, triable issue of fact exists relative to defendant's liability for having created the dangerous condition, and it rejected plaintiffs' arguments as without merit.

The primary issue presented on this appeal is whether plaintiffs' evidence is sufficient to raise a question of fact requiring a trial. In our view plaintiffs have done so and defendant's evidence has not conclusively rebutted plaintiffs' proof in that regard. Plaintiffs' proof, if believed by the trier of fact, establishes that defendant extended the pavement of its parking lot over the curb stone within the right-of-way of William Street creating a special use of the right-of-way for its own benefit, thereby becoming liable for the defect it created and for the failure to inspect and maintain that area (see, Deans v City of Buffalo, 181 AD2d 1015; Little v City of Albany, 169 AD2d 1013; Azzara v Revellese, 146 AD2d 592, 593, lv denied 75 NY2d 701; Balsam v Delma Eng'g Corp., 139 AD2d 292, lv dismissed, lv denied 73 NY2d 783; Santorelli v City of New York, 77 AD2d 825, 825-826; Braithwaite v Grand Union Co., 22 AD2d 941). The papers submitted on the motion raise a question of fact requiring a trial as to whether defendant created the pothole on the right-of-way which it had put to a special use for its own benefit. Supreme Court therefore improperly granted defendant's motion for summary judgment dismissing the complaint. The order should be reversed.

We find it unnecessary to address other arguments raised by the parties.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.