■ Constance Raiola, Respondent, v City of New York, Defendant, and P.C. Richard & Son, Appellant. [775 NYS2d 876]—

In an action to recover damages for personal injuries, the defendant P.C. Richard & Son appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated March 26, 2003, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action is severed against the remaining defendant.

The plaintiff sustained personal injuries when she fell on a curb cut abutting the side entrance of the defendant P.C. Richard & Son (hereinafter P.C. Richard) store. The Supreme Court denied the motion of P.C. Richard for summary judgment dismissing the complaint insofar as asserted against it. We reverse.

For an abutting landowner to be responsible for injuries occurring on a sidewalk which it puts to special use, the plaintiff must prove that a defective condition existed (*see Azzara v Revellese*, 146 AD2d 592 [1989]). Here, the plaintiff failed to raise a triable issue of fact in response to P.C. Richard's prima facie showing that the curb cut on which she fell was not defective (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Smith, J.P., Luciano, Adams and Rivera, JJ., concur.